OPINION
This appeal arises from a final judgment of the Lake County Court of Common Pleas. Appellant, Michael R. Brown, seeks the reversal of the trial court's determination that he is a sexual predator pursuant to R.C. Chapter 2950.
On September 13, 1995, appellant entered a written plea of guilty to one count of gross sexual imposition, in violation of R.C. 2907.05, and one count of attempted felonious sexual penetration, in violation of R.C. 2907.12. Although both charges involved the same victim, the incidents occurred at different times. After accepting the pleas, the trial court sentenced appellant to serve a five to fifteen year prison term for attempted felonious sexual penetration, with a concurrent term of four to ten years for gross sexual imposition.
Approximately three years after appellant had begun serving his sentence, the trial court issued a judgment entry ordering that appellant be transported from the Belmont Correctional Institution to Lake County so that a sexual predator hearing could be conducted. Before the hearing could be held, however, appellant filed a motion to "dismiss" the proceedings on the grounds that the sexual offender laws were unconstitutional. On October 13, 1998, the trial court issued a judgment entry denying appellant's motion.
The trial court conducted the sexual predator hearing on October 21, 1998. During the proceedings, neither party presented any witnesses. Instead, the parties submitted the presentence investigation report and psychological evaluation that had been completed when appellant was sentenced in 1995. In addition, appellant also entered into evidence copies of several documents pertaining to programs that he had been involved in or completed during his incarceration.
Upon consideration of the submissions, the trial court issued a judgment entry on November 4, 1998, in which it concluded that appellant should be classified as a sexual predator for purposes of R.C. Chapter 2950. In doing so, the trial court emphasized the following factors: (1) appellant was thirty years old at the time of the offenses; (2) appellant had a prior criminal record; (3) the victim was appellant's nine year old niece; (4) appellant committed multiple offenses against the victim; (5) appellant had exhibited signs of mental illness or mental disability; (6) the nature of the sexual conduct demonstrated a pattern of abuse, and appellant's relationship with the victim facilitated the offenses; (7) during the commission of the offenses, appellant displayed cruelty due to the nature of his relationship with the victim; and (8) appellant had a documented addiction to alcohol which, if not controlled, enhanced the risk of committing future crime.
From this judgment, appellant filed a timely notice of appeal with this court, assigning six assignments of error for our consideration. Under his first five assignments, appellant has raised five different challenges to the constitutionality of Ohio's sexual offender laws. That is, appellant argues that R.C. Chapter 2950 is unconstitutional because: (1) its execution constitutes a denial of due process; (2) it is impermissibly vague; (3) its operation constitutes cruel and unusual punishment; (4) it violates the constitutional prohibition against double jeopardy; and (5) it violates the constitutional prohibition against expost facto laws.
In regard to appellant's first, second, fourth, and fifth arguments, this court would note that each of these challenges to the sexual offender laws was considered and expressly rejected by the Supreme Court of Ohio in State v. Williams (2000), 88 Ohio St.3d 513, and State v.Cook (1998), 83 Ohio St.3d 404. Moreover, as to appellant's third constitutional challenge, we would indicate that this court rejected this specific argument in State v. Nahrstedt (Dec. 29, 2000), Lake App. No. 98-L-236, unreported, 2000 Ohio App. LEXIS 6194, at 4. Accordingly, as the sexual offender laws have been declared constitutional in all respects, each of the first five assignments in this appeal lacks merit.
Under his sixth and final assignment of error, appellant argues that the trial court's determination that he is a sexual predator is against the manifest weight of the evidence. According to appellant, the trial court "clearly lost its way" and created a "manifest miscarriage of justice" because the factors relied upon by the trial court do not clearly and convincingly show that appellant is a sexual predator.
R.C. 2950.01(E) defines a "sexual predator" as a person who has been convicted of a sexually oriented offense and is likely to engage in that type of behavior again in the future. In applying this definition, a trial court can classify an individual as a sexual predator only if it concludes that the state has established both prongs of the definition by clear and convincing evidence. See R.C. 2950.09(B)(3). Clear and convincing evidence is the measure or degree of proof which "will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954),161 Ohio St. 469, paragraph three of the syllabus.
To assist a trial court in making its determination on whether or not a particular person is a sexual predator, R.C. 2950.09(B)(2) sets forth a list of nonexclusive factors that a court must consider when deciding whether to adjudicate an offender as a sexual predator. These factors include: (1) the offender's age; (2) the offender's prior criminal record; (3) the victim's age; (4) whether the underlying sexually oriented offense involved multiple victims; (5) whether the offender used alcohol or drugs to impair or incapacitate the victim; (6) whether the offender has previously participated in a rehabilitative program for sexual offenders; (7) any mental illness or mental disability of the offender; (8) the specific nature of the sexual conduct involved in the underlying sexually oriented offense; (9) whether the offender acted cruelly in committing the underlying sexually oriented offense; and (10) any additional behavioral characteristics that contribute to the offender's conduct.
In applying the foregoing factors, the appellate courts of this state have held that a finding of likely recidivism can be made even though a majority of the factors are not relevant in a given case. State v. Head
(Jan. 19, 2001), Lake App. No. 99-L-152, unreported, 2001 Ohio App. LEXIS 160, at 4; State v. Fugate (Feb. 2, 1998), Butler App. No. CA97-03-065, unreported, 1998 Ohio App. LEXIS 286. Furthermore, it has also been held that a trial court can give greater weight to one factor over another if it is warranted under the specific facts of the case. State v. Bradley
(June 19, 1998), Montgomery App. Nos. 16662 and 16664, unreported, 1998 Ohio App. LEXIS 2744.
Moreover, when reviewing a claim that a judgment is against the manifest weight of the evidence, an appellate court must review the entire record, weigh both the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether in resolving conflicts, the trier of fact lost its way and created a miscarriage of justice. State v. Martin (1983), 20 Ohio App.3d 172, 175. See, also,State v. Thompkins (1997), 78 Ohio St.3d 380, 387.
In the instant case, the record clearly shows that the trial court considered each of the factors under R.C. 2950.09(B)(2) and concluded that there was clear and convincing evidence to support a determination that appellant is a sexual predator. Specifically, the trial court found that appellant had committed two sexually oriented offenses, i.e., gross sexual imposition and attempted felonious sexual penetration, and that he was likely to engage in that type of behavior again in the future. To support this second conclusion, the trial court found the following factors to be relevant: (1) appellant was thirty years old at the time of the offenses; (2) appellant had a prior criminal record; (3) the victim was appellant's nine year old niece; (4) appellant committed multiple offenses against the victim; (5) appellant had exhibited signs of mental illness or mental disability; (6) the nature of the sexual conduct demonstrated a pattern of abuse, and appellant's relationship with the victim facilitated the offenses; (7) during the commission of the offenses, appellant displayed cruelty due to the nature of his relationship with the victim; and (8) appellant had a documented addiction to alcohol which, if not controlled, enhanced the risk of committing future crime.[1]
Appellant acknowledges that there were two incidents involving the same victim. Nevertheless, he argues that the crimes were not part of a demonstrated pattern of abuse. Rather, appellant maintains that prior to incarceration he had a very serious problem with alcohol that, at least in part, contributed to his behavior. Now, however, he claims to have received treatment while in prison, including the completion of the twelve-step recovery program through Alcoholics Anonymous, and no longer has a drinking problem.
After reviewing the record in this case, we conclude that the trial court's decision finding appellant to be a sexual predator is supported by clear and convincing evidence and is not against the manifest weight of the evidence. The facts show that on two separate occasions, appellant sexually assaulted his nine year old niece. Moreover, the nature of the sexual conduct demonstrated a pattern of abuse, which was facilitated by appellant's familial relationship with the victim.[2]
Thus, while appellant should be commended on his progress with battling his addiction to alcohol, such "deviant behavior shows such a disregard for our most basic taboos that the risk of recidivism must be considered great." State v. Heym (Dec. 22, 2000), Lake App. No. 99-L-192, unreported, 2000 Ohio App. LEXIS 6102, at 9.[3] Accordingly, there was some competent, credible evidence supporting a firm belief that appellant had committed a sexually oriented offense and was likely to commit another such offense in the future. Appellant's sixth assignment of error is without merit.[4]
Based on the foregoing analysis, appellant's six assignments of error are not well-taken. The judgment of the trial court is, therefore, affirmed.
JUDGE JUDITH A. CHRISTLEY, FORD, P.J., NADER, J., concur.
[1] Although R.C. 2950.09 does not require that the trial court refer to each factor when making a sexual predator determination, the court is required to provide a "general discussion" of the relevant criteria so that an appellate court can conduct a meaningful review of the decision.State v. Randall (2001), 141 Ohio App.3d 160, 165-166.
[2] It should be noted that when appellant first entered prison he was evaluated by officials, and it was determined at that time that he should be classified as a medium to high risk to sexually reoffend. Upon completion of a sexual offender program, appellant was reclassified as a low risk to reoffend.
[3] Appellant's psychiatric evaluation states that if he remains sober there is a good chance that he will not reoffend. This presents a somewhat problematic situation because when a person has a substance abuse problem prior to incarceration and now claims to be rehabilitated, there is obviously no evidence to show how the person will respond when faced with temptation once released from prison. As a result, such claims must be considered accordingly, and only constitute one factor for the trial court to take into account when making a sexual predator determination.
[4] As an aside, we would note that under R.C. 2950.09(D), appellant may petition the trial court at a later time to make a determination that he is no longer a sexual predator.