OPINION
On September 15, 1999, appellant, Robert L. Robinson, Jr., pled guilty to one count of attempted rape, in violation of R.C. 2923.02. Appellant's victim was his six-year-old daughter. Appellant's guilty plea was pursuant to a plea-bargain agreement, in which the state dropped two charges of rape and one charge of gross sexual imposition.
On October 26, 1999, the trial court held a hearing to determine whether appellant was a sexual predator, pursuant to R.C. 2950.01, and a sentencing hearing. At the sexual predator hearing, the trial court found appellant to be a sexual predator, and at the sentencing hearing, the court sentenced appellant to four years in prison, as recommended by the plea bargain agreement.
At the sexual predator hearing, neither party called any witnesses. The prosecutor explained to the court that in consideration of: appellant's age at the time of the crime and the age of the victim; appellant's prior convictions, including a conviction for corruption of a minor; appellant's refusal to accept responsibility for his actions; and, appellant's ongoing substance abuse problem, appellant presented a great risk of re-offending. Thus, the prosecutor argued, appellant should be labeled a sexual predator. The trial court then concluded that appellant was a sexual predator.
Appellant raises the following assignments of error:
 "[1.] The trial court violated the defendant-appellant's due process rights when it found him to be a sexual predator without reviewing any evidence other than the prosecutor's statement.
 "[2.] The finding that the defendant-appellant is a sexual predator is against the manifest weight of the evidence.
 "[3.] R.C. 2950.09 constitutes a denial of due process and must be held unconstitutional under strict scrutiny because the defendant-appellant's fundamental rights have been impaired.
 "[4.] R.C. 2950.09(C) is unconstitutionally vague, thus denying the defendant-appellant due process of the law.
 "[5.] R.C. 2950.09(C) is sufficiently punitive in nature to constitute cruel and unusual punishment.
 "[6.] R.C. 2950.09 is an unconstitutional exercise of Ohio's police powers which unreasonably interferes with the defendant-appellant's civil liberties and private rights and is unduly oppressive, in violation of Section 1, Article I of the Ohio Constitution."
 In assignments of error three, four, five and six, appellant asserts that Ohio's sexual predator statute, R.C. 2950.09, is unconstitutional. With regard to these constitutional arguments, each of these arguments has been considered and rejected by the Supreme Court of Ohio and by this court. See State v. Williams (2000), 88 Ohio St.3d 513; State v. Cook (1998), 83 Ohio St.3d 404; State v. Randall
(2001), 141 Ohio App.3d 160. Thus, appellant's assignments of error three through six are without merit.
In his first assignment of error, appellant argues that it was error for the court to determine that he was a sexual predator based solely on the unsworn statement of the prosecutor. We agree that a court's determination that a person is a sexual predator cannot be supported by the statement of a prosecutor alone. In the case sub judice, however, the court did not rely exclusively on the statement of the prosecutor. The court expressly states that it relied on the pre-sentence investigation report, the forensic psychologist's report, and the victim impact statement for this offense, and the pre-sentence investigation report prepared for appellant's prior conviction.
Pursuant to the Ohio Supreme Court's holding in State v. Cook, "the Ohio Rules of Evidence do not strictly apply to sexual predator determination hearings." Cook at 425. "[R]eliable hearsay, such as apresentence investigation report, may be relied upon by the trial judge."Id. (Emphasis added). Thus, while it is true that the hearsay offered at a sexual predator hearing must bear some indicia of reliability, presentence investigation reports are generally accepted as reliable hearsay.
The sources of evidence relied upon by the trial court were clearly sufficient for the court to determine that appellant was a sexual predator. Appellant's first assignment of error is without merit.
In his second assignment of error, appellant argues that the court's determination that he is a sexual predator is against the manifest weight of the evidence. Appellant's basis for this argument is that, as presented in the first assignment, the court relied exclusively on the prosecutor's statement at the hearing.
When a court reviews a verdict to determine whether it is against the manifest weight of the evidence, it:
 "weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Thompkins (1997), 78 Ohio St.3d 380, 387.
 As defined in R.C. 2950.01(E), a sexual predator is "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." Before adjudicating the offender as a sexual predator, the trial court must determine by clear and convincing evidence that the offender is a sexual predator; i.e. that the offender has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses. R.C.2950.09(C)(2)(b).
Appellant clearly pleaded guilty to a sexually oriented offense, satisfying the first prong of the test. At issue is the second prong of the test — whether appellant is likely to re-offend.
In making a determination as to whether an offender is likely to commit future offenses, the trial court must consider all relevant factors including, but not limited to, all of the factors specified in R.C.2950.09(B)(2)(a)-(j). These factors include: (1) the offender's age; (2) the offender's prior criminal record; (3) the age of the victim; (4) whether the sexually oriented offense for which sentence was imposed involved multiple victims; (5) whether the offender used drugs or alcohol to impair the victim or to prevent the victim from resisting; (6) whether the offender has participated in available programs for sexual offenders; (7) any mental illness or mental disability of the offender; (8) the nature of the offender's conduct and whether that conduct was part of a demonstrated pattern of abuse; (9) whether the offender displayed cruelty during the commission of the crime; and (10) any additional behavioral characteristics that contributed to the offender's conduct.
"The statute does not require the court to list the criteria, but only to `consider all relevant factors, including' the criteria in R.C.2950.09(B)(2) in making his or her findings." Cook, supra, at 426. The trial court "should discuss on the record the particular evidence and factors upon which it relies in making its determination regarding the likelihood of recidivism." State v. Eppinger (2001), 91 Ohio St.3d 158,166. "[T]he court is required to provide a general discussion of the factors so that the substance of the determination can be properly reviewed for purposes of appeal." Randall at 165-166 quoting State v.Burke (Sept. 21, 2000), Franklin App. No. 00AP-54, unreported, 2000 Ohio App. LEXIS 4256.
A review of the record, and the evidence before the court in this case, reveals that there is sufficient evidence contained within it for the court to determine by clear and convincing evidence that appellant is likely to re-offend. The trial court, however, did not discuss any reasoning behind its determination, and failed to provide even a general discussion of the factors it used. Without even the most rudimentary insight into the court's reasoning, we are unable to properly review its decision in the instant appeal.
Although appellant does not assign it as error, the trial court's judgment entry includes "bad time" language, under R.C. 2967.11. InState ex rel. Bray v. Russell (2000), 89 Ohio St.3d 132, syllabus, the Supreme Court of Ohio declared the "bad time" statute unconstitutional on the grounds that it violates the doctrine of separation of powers. As this portion of the sentence was improper, we reverse and remand for the trial court to enter a new judgment that does not include "bad time."
For the above reasons, we reverse the decision of the trial court, on grounds other than those argued by the parties, and remand the issue for the court to enter a judgment that includes at least a general discussion of the factors it considered in making its decision, and does not include any references to bad time.
JUDGE ROBERT A. NADER
O'NEILL, P.J., GRENDELL, J., concur.