OPINION
George L. Bagnall ("appellant") appeals the March 19, 1999 judgment entry of sentence by the Lake County Court of Common Pleas, finding him a sexual predator and sentencing him to a total of eight years in prison. The instant appeal concerns only the trial court's decision finding appellant a sexual predator. For the reasons stated below, we affirm in part, reverse in part and remand the judgment of the lower court.On December 1, 1998, appellant was indicted on five counts of rape, in violation of R.C. 2907.02, each a felony of the first degree, and two counts of gross sexual imposition, in violation of R.C. 2907.05, each a felony of the fourth degree. Appellant, thirty-three (33) years old, was charged with having sexual encounters with his eleven (11) year old adopted daughter.
On February 18, 1999, appellant pled guilty to three counts of rape by way of North Carolina v. Alford (1970), 400 U.S. 25.[1] The state entered a nolle prosequi as to the remaining counts. On February 25, 1999, the trial court entered a judgment entry, accepting appellant's guilty plea by way of North Carolina v. Alford. The judgment entry stated a sentencing hearing was scheduled for March 16, 1999; however, there was no mention of a sexual offender classification hearing.
On March 16, 1999, the sentencing hearing commenced. At the outset, the trial court stated it was going to hold a hearing to make a determination as to appellant's sexual offender classification under R.C. 2950. The trial court determined appellant was a sexual predator. The trial court sentenced appellant to eight (8) years for each count, running concurrently. On March 19, 1999, the trial court filed a judgment entry of sentence journalizing the March 16, 1999 hearing. The trial court indicated that, in an oral hearing held pursuant to R.C. 2950.09, appellant was found a sexual predator. The trial court also stated appellant was sentenced to a total of eight years.
On April 16, 1999, appellant filed a timely appeal, asserting seven assignments of error. Appellant's assignments of error will be set out as they are discussed. We begin with appellant's first assignment of error:
 "[1.] The trial court violated the defendant-appellant's due process rights when it held a sexual predator hearing without first giving notice of the hearing date and time."
 In appellant's first assignment of error, appellant contends the trial court erred in conducting a sexual predator hearing without giving him notice of the date, time, and place of the hearing as required by R.C. 2950.09(B)(1). Appellant argues notice of a sentencing hearing is not sufficient notice of a sexual predator classification hearing. Appellant avers this omission violated his due process since he was unable to prepare to testify, to present evidence, or to examine and cross-examine witnesses.
R.C. 2950.09(B)(1) provides, in pertinent part:
 "The court shall give the offender and the prosecutor who prosecuted the offender for the sexually oriented offense notice of the date, time, and location of the hearing. At the hearing, the offender and the prosecutor shall have an opportunity to testify, present evidence, call and examine witnesses and expert witnesses, and cross-examine witnesses and expert witnesses regarding the determination as to whether the offender is a sexual predator." (Emphasis added.)
 In State v. Gowdy (2000), 88 Ohio St.3d 387, 399, the Ohio Supreme Court held the notice requirement of R.C. 2950.09(B)(1) is mandatory. The court further held that it is plain error to fail to provide a defendant with adequate notice of a sexual offender classification hearing. Id. As such, a defendant need not raise an objection concerning the lack of adequate notice of the sexual offender classification hearing to preserve his argument for appeal. Absent compliance with the mandatory notice provision of R.C. 2950.09(B)(1), a defendant's classification must be vacated and the matter remanded for the trial court to conduct a sexual offender classification hearing with proper advance notice of the hearing to all parties. Gowdy, supra. In Gowdy, the trial court scheduled the sentencing hearing, but never indicated that a sexual offender classification hearing would also be held. Id. at 397.
In the case sub judice, the record is devoid of any kind of notice to appellant that the sentencing hearing would include a sexual offender classification hearing. Specifically, the trial court's February 25, 1999 judgment entry, accepting appellant's guilty plea, stated only that a sentencing hearing was scheduled for March 16, 1999, at 1:15 p.m. On March 3, 1999, upon a request by appellant's counsel to change the time for the sentencing hearing due to a trial conflict, the trial court filed another judgment entry rescheduling the sentencing hearing for March 16, 1999 at 8:45 a.m. Again, there was no mention of a sexual offender classification hearing. As such, there was adequate notice of the sentencing hearing; however, there was no notice of the sexual offender classification hearing.
Pursuant to R.C. 2950.09(B)(1), appellant has a fundamental right to receive adequate notice of the sexual offender classification hearing so that he can prepare a defense and present evidence and witnesses if he chooses. Further, although review of the transcript indicates that appellant's objection during the hearing did not go to the issue concerning the lack of notice, such error by the trial court amounts to plain error. In particular, the transcript provides:
 "THE COURT: *** [I]n the interest of conservatism, I am going to hold the [sexual offender classification] hearing and make my determinations of that status after each Counsel have had the opportunity to speak. ***
"* * *
 "MS. TALIKKA: [appellant's counsel] *** [w]e would object for the record for the hearing even being held today due to the determination made in the State v. Williams case ***. [S]ince that case held that all of these matters should be stayed, that it would be improper to hear that matter at this time. ***" (Emphasis added.)
 Accordingly, based upon Gowdy, we sustain appellant's first assignment of error since the record is lacking of any adequate notice of the sexual offender classification hearing. As such, we are required to vacate appellant's classification as a sexual predator and remand the case to the trial court for a sexual offender classification hearing with proper advance notice to be given to all parties.
Next, appellant's second and third assignments are as follows:
 "[2.] The trial court violated the defendant-appellant's due process rights when it found him to be a sexual predator without reviewing any evidence other than the prosecutor's statement.
 "[3.] The finding that the defendant-appellant is a sexual predator is against the manifest weight of the evidence."
 In appellant's second assignment of error, appellant argues the only evidence presented that the trial court relied on was the prosecutor's "opinion" and "feeling." Appellant contends no other witnesses were called, and defense counsel, not having notice of the hearing, was unable to provide any evidence as to the classification.
In appellant's third assignment of error, appellant opines the trial court "clearly lost its way" and created a "manifest miscarriage of justice" when it found him to be a sexual predator. Appellant asserts the only evidence the trial court relied upon were the prosecutor's "feelings" and "opinion;" thus, the clear and convincing standard of evidence was not met.
Based upon our determination in appellant's first assignment of error, ordering a new sexual offender classification hearing, appellant's second and third assignments of error are rendered moot pursuant to App.R. 12(A)(1)(c).
As to appellant's remaining assignments of error, we will address the merits of those assignments since they raise issues concerning the constitutionality of R.C. 2950.09. We begin with appellant's fourth assignment of error:
 "[4.] R.C. 2950.09 constitutes a denial of due process and must be held unconstitutional under strict scrutiny because the defendant-appellant's fundamental rights have been impaired."
 In appellant's fourth assignment of error, appellant contends R.C. 2950.09 violates the Equal Protection Clause of the Fourteenth Amendment and Article I, Section 2 of the Ohio Constitution. Appellant opines the statute has been unconstitutionally applied to him. Appellant further posits there is no rational basis for this law, and, under strict scrutiny review, the means lack the "narrowly tailored" requirement.
In State v. Randall (2000), 141 Ohio App.3d 160, 163, this court held R.C. Chapter 2950 does not violate substantive due process and equal protection because the statute is rationally related to a legitimate state interest and there are reasonable grounds for distinguishing between sexual predators and other sexual offenders. See, also, State v.Williams (2000), 88 Ohio St.3d 513, 530-532. As to appellant's argument concerning the application of a strict scrutiny standard of review of R.C. Chapter 2950, this level of analysis is only applicable when the challenged statute involves a suspect class or a fundamental constitutional right. Williams, supra, at 530. The Supreme Court inWilliams expressly determined that sex offenders are not a suspect class and R.C. Chapter 2950 does not implicate a fundamental constitutional right requiring strict scrutiny analysis. Id. at 530. Appellant's fourth assignment of error lacks merit.
Next, appellant's fifth assignment of error provides:
 "[5.] R.C. 2950.09(C) is unconstitutionally vague, thus denying the defendant-appellant['s] due process of law."
 In appellant's fifth assignment of error, appellant argues R.C. 2950.09(C) is unconstitutionally vague insofar as it fails to provide specific guidance as to which party has the burden of proof. Appellant contends R.C. 2950.09(B) suffers the same infirmities. Appellant asserts there is also a lack of how strong a showing is required for an individual to be adjudicated a sexual predator. As an example, appellant points out the guideline regarding the offender's age does not demonstrate whether sexual reoffending is more or less likely to occur if the offender is youthful or older.
The Supreme Court of Ohio has determined that R.C. Chapter 2950 is not unconstitutionally vague. Williams, supra, at 533-534; see, also,Randall, supra, at 163. The Supreme Court of Ohio in Williams held, although the language of R.C. Chapter 2950 is broad and the factors may be worded broadly, this broadness allows for individualized assessment instead of an across the board rule. Williams at 534; see, also,Randall at 163-164. Further, there is nothing vague about employing the burden of proving by clear and convincing evidence that a defendant is likely to reoffend in the future. Williams at 533; Randall at 164. Absent such proof by the state, a defendant may not be classified as a sexual predator. Appellant's fifth assignment of error is without merit.
Appellant's sixth assignment of error is as follows:
 "[6.] R.C. 2950.09(C) is sufficiently punitive in nature to constitute cruel and unusual punishment."
 In appellant's sixth assignment of error, appellant asserts registration requirements are public and reflect the punitive nature of being adjudicated a sexual predator. Appellant contends the notification requirement serves as a punishment by invoking public humiliation, leading to excessively harsh results on registrants and their families.
R.C. Chapter 2950 is neither a criminal statute nor a statute that inflicts punishment. Williams, supra, at 528. R.C. Chapter 2950 is not meant to punish; rather, its purpose is to protect the safety and general welfare of the citizens. State v. Eppinger (2001), 91 Ohio St.3d 158,165. The Supreme Court of Ohio stated in State v. Cook (1998),83 Ohio St.3d 404, 423, the registration and notification requirements of R.C. Chapter 2950 are not punitive and are reasonably necessary for the intended purpose of the statute, which is to protect the safety and general welfare of the people of this state. See, also, Randall, supra,141 Ohio App.3d at 164. Appellant's sixth assignment of error is meritless.
Finally, appellant's seventh assignment of error states:
 "[7.] R.C. 2950.09 is an unconstitutional exercise of Ohio's police powers which unreasonably interferes with the defendant-appellant's civil liberties and private rights and is unduly oppressive, in violation of Section 1, Article I of the Ohio Constitution."
 In appellant's final assignment of error, appellant opines that based upon State v. Williams (Jan. 29, 1999), Lake App. No. 97-L-191, unreported, 1999 Ohio App. LEXIS 217, currently awaiting determination by the Ohio Supreme Court, the trial court's decision finding him a sexual predator is an unconstitutional exercise of the state's police powers.
In State v. Williams, supra, 88 Ohio St.3d 513, the Supreme Court of Ohio reversed this court's decision in State v. Williams (Jan. 29, 1999), Lake App. No. 97-L-191, unreported, 1999 Ohio App. LEXIS 217. InWilliams, the Supreme Court of Ohio held R.C. Chapter 2950 did not violate the rights enumerated in Section 1, Article I of the Ohio Constitution. Williams at 527; see, also, Randall, supra,141 Ohio App.3d at 164; State v. Wantz (Dec. 29, 2000), Geauga App. No. 99-G-2216, unreported, 2000 Ohio App. LEXIS 6195; State v. Dell (Aug. 10, 2001), Ashtabula App. No. 99-A-0038, unreported, 2001 Ohio App. LEXIS 3539. The statute does not infringe on a sex offender's right to privacy because the information that is distributed is already considered public record.Williams at 526; Randall at 164. Appellant's seventh assignment of error lacks merit.
Based upon the foregoing analysis, we sustain appellant's first assignment of error pertaining to the lack of notice of the sexual offender classification hearing. Appellant's second and third assignments of error are rendered moot based upon our determination of appellant's first assignment of error. Appellant's fourth, fifth, sixth, and seventh assignments of error are overruled. We reverse the trial court's judgment as to the sexual predator determination and remand this cause to the trial court for a sexual offender classification hearing with proper notice to be issued to the parties. The remainder of the trial court's judgment is affirmed.
JUDGE DIANE V. GRENDELL, CHRISTLEY, P.J., NADER, J., concur.
[1] North Carolina v. Alford (1970), 400 U.S. 25, 37, holds a trial court may accept a guilty plea that is knowingly, voluntarily, and intelligently entered by a defendant who continues to deny guilt, but enters the plea to avoid the possibility of conviction after trial and receiving a greater penalty.