OPINION
Appellant, James P. Pasko, appeals the judgment of the Lake County Court of Common Pleas adjudicating him a sexual predator pursuant to R.C. Chapter 2950.
On July 2, 1979, appellant was indicted on one count of rape, a felony in the first degree, in violation of R.C. 2907.02. Subsequently, appellant withdrew his former plea of not guilty by reason of insanity and entered a written plea of guilty to the charge. On May 28, 1981, the trial court sentenced appellant to a term of four to twenty-five years of incarceration.
In 1997, pursuant to R.C. 2950.09(C)(1), the Ohio Department of Rehabilitation and Correction ("the ODRC") notified the trial court that as a result of their screening procedure, appellant should be adjudicated as a sexual predator. In anticipation of the sexual predator hearing, appellant filed a motion with the trial court on January 21, 2000, requesting public payment for an expert to complete a psychiatric evaluation for presentation at the hearing. In the alternative, appellant requested the Lake County Probation Department psychologist to conduct the psychiatric evaluation.
Upon consideration, the trial court granted appellant's motion in part and referred the matter to the Lake County Probation Department "for the purpose of preparing a report on [appellant] with regard to the [sexual predator] hearing."[1] Subsequently, the trial court conducted a sexual predator hearing on March 9, 2000.
Although appellant appeared at the hearing with appointed counsel, he chose not to present any evidence in this case. Additionally, during the hearing, the state did not elaborate on why appellant should be adjudicated a sexual predator. Instead, the trial court advised the prosecutor that she did not have to present an argument.[2] The psychological evaluation report was the only evidence considered by the trial court in making its determination. During the hearing, appellant stated that he had an opportunity to read this report.
In a judgment entry dated March 20, 2000, the trial court adjudicated appellant to be a sexual predator. From this judgment appellant appeals, advancing a single assignment of error for our consideration:
 "The trial court violated the defendant-appellant's rights to due process of law when it failed to grant him a proper sexual predator determination hearing under R.C. 2950.09."[3]
 Under this sole assignment of error, appellant raises two due process challenges
with respect to the sexual predator hearing held in the instant matter. As such, we will address each issue in turn.
First, appellant posits that his due process rights were violated when the trial court did not require the state to present any evidence or argument at the sexual predator hearing in violation of R.C. 2950.09, which requires the state to prove its case by clear and convincing evidence. According to appellant, "[t]he only evidence the trial court considered in making its determination was a court psychological report dated February 22, 2000. *** Based solely on this report, [appellant] was labeled a sexual predator for life."
R.C. 2950.01(E) defines the term "sexual predator" as a person who: (1) has been convicted of or pleaded guilty to committing a sexually oriented offense; and (2) is likely to engage in the future in one or more sexually oriented offenses. Pursuant to R.C. 2950.09(B)(3) and (C)(2)(b), "[t]he trial court must determine by clear and convincingevidence that the offender has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses before adjudicating him a sexual predator." (Emphasis added.) State v. Dell (Aug. 10, 2001), Ashtabula App. No. 99-A-0038, unreported, 2001 WL 909334, at *3.
The procedural requirements for a sexual predator hearing are set forth in R.C. 2950.09(B)(1), which provides:
 "*** At the hearing, the offender and the prosecutor shall have the opportunity to testify, present evidence, call and examine witnesses and expert witnesses, and cross-examine witnesses and expert witnesses regarding the determination as to whether the offender is a sexual predator. The offender shall have the right to be represented by counsel and, if indigent, the right to have counsel appointed to represent the offender." (Emphasis added.)
 At the trial court's direction, the prosecutor in the instant matter made no argument as to how or why appellant should be labeled a sexual predator. Nor did the prosecutor present any testimony or evidence during the hearing. While we do not endorse such procedural conduct, we recognize that R.C. 2950.09(B)(1) merely provides the state with the opportunity to present evidence and argumentation at the hearing; it is not required to do so. See, e.g., State v. Mullins (Apr. 12, 2001), Franklin App. Nos. 00AP-775 
00AP-776, unreported, 2001 Ohio App. LEXIS 1685, at *5-6; State v. Lewis (May 9, 2000), Franklin App. No. 99AP-752, unreported, 2000 Ohio App. LEXIS 1949, at *7-8; State v. Bailey (July 15, 1999), Franklin App. No. 98AP-1132, unreported, 1999 Ohio App. LEXIS 3353, at *9. Accordingly, appellant's due process rights were not violated when the state did not present evidentiary material or argumentation at the sexual predator hearing.
Despite our determination, we would encourage prosecutors, defense attorneys, and trial courts to adhere to the following guidelines recently suggested by the Supreme Court of Ohio in State v. Eppinger
(2001), 91 Ohio St.3d 158, 166:
 "[T]he issue presented to the court at a sexual offender classification hearing is whether the defendant is likely to commit future sexually oriented offenses. Not only is this determination problematic for the trial court to make, but it is certainly confounding to review on appeal without an adequate record. Accordingly, we believe that trial courts, prosecutors, and defense attorneys should adhere to some basic standards to meet the criteria required in an R.C. 2950.09 hearing. We adopt the following model procedure for sexual offender classification hearings, based on a model set forth by the Cuyahoga County Court of Appeals in State v. Thompson, supra.
 "In a model sexual offender classification hearing, there are essentially three objectives. First, it is critical that a record be created for review. Therefore, the prosecutor and defense counsel should identify on the record those portions of the trial transcript, victim impact statements, presentence report, and other pertinent aspects of the defendant's criminal and social history that both relate to the factors set forth in R.C. 2950.09(B)(2) and are probative of the issue of whether the offender is likely to engage in the future in one or more sexually oriented offenses. If the conviction is old, as in this case, the state may need to introduce a portion of the actual trial record; if the case was recently tried, the same trial court may not need to actually review the record. In either case, a clear and accurate record of what evidence or testimony was considered should be preserved, including any exhibits, for purposes of any potential appeal.
 "Second, an expert may be required, as discussed above, to assist the trial court in determining whether the offender is likely to engage in the future in one or more sexually oriented offenses. Therefore, either side should be allowed to present expert opinion by testimony or written report to assist the trial court in its determination, especially when there is little information available beyond the conviction itself. While providing an expert at state expense is within the discretion of the trial court, the lack of other criteria to assist in predicting the future behavior of the offender weighs heavily in favor of granting such a request.
 "Finally, the trial court should consider the statutory factors listed in R.C. 2950.09(B)(2), and should discuss on the record the particular evidence and factors upon which it relies in making its determination regarding the likelihood of recidivism. ***." (Citations omitted.)[4]
 Further, even though the state did not present any evidentiary material or argumentation at the sexual predator hearing, the trial court had before it the psychological evaluation prepared by Drs. Fabian and McPherson at the Lake County Probation Department. Standing alone, the psychological evaluation can be a sufficient basis for finding that an offender is a sexual predator if the evaluation contains clear and convincing evidence from which the trial court can conclude that an offender is likely to engage in the future in one or more sexually oriented offenses.[5]
See, e.g., State v. Ward (1999), 130 Ohio App.3d 551, 558 (stating that a defendant's prior convictions, standing alone, may be clear and convincing evidence that the offender is a sexual predator); State v. Wade (Dec. 29, 2000), Trumbull App. No. 99-T-0061, unreported, 2000 Ohio App. LEXIS 6218, at *10-11 (concluding that the psychological report, in conjunction with the underlying facts of the prior rapes, constituted sufficient evidence to establish, by clear and convincing evidence, that the defendant is a sexual predator).
Certainly, trial courts should not be forced to accept the conclusions of psychologists or psychiatrists as to whether an individual is a sexual predator. However, when the psychological/psychiatric evaluation contains sufficient evidence, to-wit: R.C. 2950.09(B)(2) factors, from which the trial court can conclude that an offender is a sexual predator by clear and convincing evidence, then the trial court can rely solely on this evaluation to support its determination.
The second issue presented under the lone assignment of error challenges the trial court's findings, or lack thereof, contained in its judgment entry. Specifically, appellant claims that the trial court failed to consider or even mention that it considered the factors enumerated in R.C. 2950.09(B)(2).
In Randall, this court explained that when determining whether a defendant is a sexual predator, the trial court must consider the factors set forth in R.C. 2950.09(B)(2):
 "`The statute does not require the court to list the criteria, but only to "consider all relevant factors, including" the criteria in R.C. 2950.09(B)(2) in making his or her findings.'" (Emphasis added.) Cook
at 426. Even though the trial court is not required to refer to each factor in making its determination, the court is required to provide a general discussion of the factors so that the substance of the determination can be properly reviewed for purposes of appeal. State v. Burke (Sept. 21, 2000), Franklin App. No. 00AP-54, unreported, 2000 WL 1358111, 4-5. Such a discussion can be set forth on the record during the sexual offender hearing or in the court's judgment entry. Burke at 4-5." (Emphasis added.) Id. at 165-166. See, also, Dell at *5; Wade at *6-7; State v. Wantz (Dec. 29, 2000), Geauga App. No. 99-G-2216, unreported, 2001 WL 20718, at *3.
 Likewise, the Supreme Court of Ohio explained that the trial court should consider the statutory factors listed in R.C. 2950.09(B)(2), and should discuss on the record the evidence and factors it relied on in making its determination to ensure a fair and complete hearing for the offender and aid the appellate courts in reviewing the evidence on appeal. Eppinger at 166.
With this in mind, we examine the case at bar. A review of the transcript from the sexual predator hearing reveals that the trial court failed to mention that it considered the factors enumerated in R.C.2950.09(B)(2). Likewise, in its March 20, 2000 judgment entry, the trial court did not discuss any of the R.C. 2950.09(B)(2) factors. Instead, the court explained that it had relied on the psychological evaluation report to adjudicate appellant to be a sexual predator:
 "The Court hereby finds, by Clear and Convincing evidence, the defendant to be a Sexual Predator in that the defendant previously has been convicted of a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses.
 "In determining that the offender is a Sexual Predator within the meaning of O.R.C. 2950.01 and 2950.09, the Court has considered the contents of the psychological report prepared by Dr. John Fabian and Dr. Sandra McPherson dated February 22, 2000. Said report is hereby made part of the record to be held under seal
for appellate review." (Emphasis sic.)
 Given that there is no indication in either the judgment entry or the record at the hearing that the trial court considered the factors listed in R.C. 2950.09(B)(2), we must remand this matter for further proceedings.
Based on the foregoing analysis, appellant's single assignment of error is meritorious to the extent indicated. Accordingly, the judgment of the trial court is reversed, and the matter is remanded for the trial court to consider the factors contained in R.C. 2950.09(B)(2)(a) through (j) and provide findings to support its determination. Our decision, however, should not be construed to express any view as to whether appellant is a sexual predator.
PRESIDING JUDGE WILLIAM M. O'NEILL, CHRISTLEY, J., NADER, J., concur.
[1] This determination is reflected in the trial court's February 28, 2000 judgment entry.
[2] In relevant part, the trial court made the following statement to the prosecutor during the sexual predator hearing: "I don't think *** you have to argue. I have got the [psychological evaluation] report in my possession which in all do [sic] respect is a better analysis than you and I have a right to have."
[3] As an aside, we note that appellant does not claim that the trial court's determination is not supported by clear or convincing evidence or that the decision was against the manifest weight of the evidence. As such, we will limit our analysis accordingly.
[4] The trial court did not have the benefit of the Eppinger decision at time it conducted the sexual predator hearing.
[5] Even if appellant raised a manifest weight or insufficient evidence argument with respect to the trial court's determination, we would be precluded from addressing it as we have remanded this case to the trial court to consider the factors set forth in R.C. 2950.09(B)(2). State v.Randall (2000), 141 Ohio App.3d 160, 167; State v. Burke (Sept. 21, 2000), Franklin App. No. 00AP-54, unreported, 2000 Ohio App. LEXIS 4256 at *5, 8.