OPINION
Appellant, Thomas Dama, appeals a decision of the Trumbull County Court of Common Pleas determining that he is a sexual predator who must comply with the notification and registration requirements of R.C. 2950.
On October 13, 1989, appellant was charged by Information with two counts of gross sexual imposition, with a specification of physical harm. These charges were based upon allegations that appellant had sexual contact with two children who were below the age of thirteen. Also on October 13, 1989, appellant entered a plea of guilty to both counts and waived a presentence investigation. Upon accepting appellant's plea, the trial court sentenced him to two concurrent terms of three to ten years. Subsequently, the Ohio Department of Corrections recommended that appellant be classified as a sexual predator under R.C. 2950.09. Appellant moved the court to dismiss on the basis that the Ohio's sexual predator laws were unconstitutional. After the state responded, the trial court denied appellant's motion to dismiss.
On June 7, 2000, a sexual predator determination hearing was held. The parties to this appeal have filed an agreed statement of the record, pursuant to App.R. 9(D). In their agreed statement, the parties stipulate that the only evidence submitted to the trial court were the psychiatric reports of their respective experts. No live testimony was presented.
After considering the experts' reports, other documents contained in the file, and appellant's criminal record, the trial court issued a judgment entry wherein it determined, by clear and convincing evidence, that appellant was a sexual predator pursuant to R.C. 2950.09. Specifically, the trial court found that appellant: had two prior convictions for sexual offenses with children; was diagnosed as a Pedophile by both examiners; admitted that he is sexually attracted to young males and females; and, is likely to engage in the future in one or more sexually oriented offenses.
In appealing his adjudication as a sexual predator, appellant assigns six assignments of error. In his first assignment, appellant contends that the trial court's determination was against the manifest weight of the evidence. In appellant's remaining five assignments of error, he challenges the constitutionality of the sexual predator laws. Appellant asserts that R.C. 2950 is invalid because: (1) it violates the right to equal protection because it is inapplicable to offenders who have completed their prison terms; (2) it violates the right to equal protection and due process by applying a clear and convincing standard of evidence; (3) it is void for vagueness in relation to the issue of burden of proof; (4) it is an unconstitutional bill of attainder because it inflicts punishment without the benefit of a judicial trial; and, (5) it violates the constitutional prohibition against double jeopardy.
In regard to appellant's second through sixth assignments of error, each of them has been considered and rejected by the Supreme Court of Ohio and this court. State v. Williams (2000), 88 Ohio St.3d 513; Statev. Cook (1998), 83 Ohio St.3d 404; State v. Wade (Dec. 29, 2000), Trumbull App. No 99-T-0061, unreported, 2000 Ohio App. LEXIS 6218. Accordingly, appellant's second through sixth assignments of error lack merit.
In his first assignment of error, appellant argues that the trial court's determination that he is a sexual predator is against the manifest weight of the evidence. Specifically, appellant argues that the trial court failed to consider all the factors set forth in R.C.2950.09(B)(2) in making its determination that he is a sexual predator.
"A trial court may find an offender to be a sexual predator `even ifonly one or two statutory factors are present, so long as the totality of the relevant circumstances provides clear and convincing evidence that the offender is likely to commit a future sexually-oriented offense."State v. Randall (2000), 141 Ohio App.3d 160, 166, quoting State v.Clutter (Jan. 28, 2000), Washington App. No. 99 CA 19, unreported, 2000 Ohio App. LEXIS 371 at *7. "Although the trial court is not required to refer to each factor in making its determination, it is required to provide a general discussion of the factors, on the record during the sexual predator hearing or in the final judgment entry, so that the substance of the determination can be properly reviewed on appeal." Wade
at *6-7.
When reviewing a claim that a judgment is against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether in resolving conflicts, the trier of fact lost its way and created a miscarriage of justice. State v. Martin
(1983), 20 Ohio App.3d 172, 175; State v. Thompkins (1997),78 Ohio St.3d 380, 387. Additionally, pursuant to App.R. 9(B): "[i]f the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the weight of the evidence, the appellant shall include a transcript of all evidence relevant to the findings or conclusion." Despite this requirement, neither the hearing transcript nor the psychiatric reports are contained in the record.
R.C. 2950.01(E) defines a sexual predator as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." Before adjudicating an offender a sexual predator, the trial court must determine both prongs by clear and convincing evidence. R.C.2950.09(B)(3). When determining whether an offender meets the definition of a sexual predator, the trial court must consider the nonexclusive list of factors set forth in R.C. 2950.09 (B)(2). These factors are: (a) the offender's age; (b) the offender's prior criminal record; (c) the age of the victim; (d) whether the sexually oriented offense involved multiple victims; (e) whether the offender used drugs or alcohol to impair the victim; (f) whether the offender participated in available programs for sex offenders; (g) mental illness; (h) the nature of the sexual conduct in the underlying sexual offense; (i) whether the offender displayed cruelty; and, (j) any additional behavioral characteristics.
In the case sub judice, review of the judgment entry reveals that the trial court primarily relied on the reports of Mr. Heinbaugh, for the state, and Dr. Smedi, for the appellant, both of whom recommended that appellant be classified a sexual predator. Relying on the experts' reports, the trial court found that appellant: admitted to being sexually attracted to young children, male and female, nine years of age and under; was diagnosed as a pedophile with anti-social personality disorder; and, had no thought or mood disorders.
Additionally, the trial court considered appellant's criminal record, including two prior convictions for sexual offenses with both male and female children, an episode with another eight or nine year old female in 1961, and a parole violation. The trial court also summarized appellant's participation in the Forensic Psychiatric Center's outpatient treatment program as "patronizing, manipulative, gaining little insight and doing what he needed to do to get by."
Thus, contrary to appellant's assertion, the record demonstrates that the trial court did generally discuss the relevant factors set forth in R.C. 2950.09(B)(2) and found by clear and convincing evidence that appellant is likely to engage in the future in one or more sexually oriented offenses. Based upon a review of the record before this court, we cannot conclude that the trial court's determination is against the manifest weight of the evidence. Appellant's first assignment of error lacks merit.
Based on the foregoing, the judgment of the Trumbull County Court of Common Pleas is affirmed.
FORD, P.J., VUKOVICH, J., Seventh Appellate District, sitting by assignment, concur.