OPINION
{¶ 1} Appellant, Robert M. Kunsman, appeals from the judgment of the Lake County Court of Common Pleas adjudicating him a sexual predator.
{¶ 2} On January 18, 1983, following a jury trial, appellant was found guilty of three counts of rape, in violation of R.C. 2907.02, felonies of the first degree. The charges stemmed from three different, separate acts of anal, oral, and vaginal rape of appellant's three and half year old daughter. On January 25, 1983, appellant was sentenced to an indeterminate term of seven to twenty-five years on each count, with two of the sentences to run consecutively and one count to run concurrently. A sexual predator classification hearing was held on March 12, 2001. Appellant was subsequently adjudicated a sexual predator.
{¶ 3} In his sole assignment of error, appellant argues that the trial court's determination that he is a sexual predator is against the manifest weight of the evidence. Specifically, appellant argues that the trial court erred in discounting the results of the court-ordered psychological tests, that the evidence did not demonstrate that he is likely to recidivate, and that the court failed to consider the fact that appellant completed prison programs and three years of college.
{¶ 4} "When reviewing a claim that a judgment is against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether in resolving conflicts, the trier of fact lost its way and created a miscarriage of justice." State v. Dama (2001), 11th Dist. No. 2000-T-0086, 2001 Ohio App. LEXIS 5836, at *5, citing, State v. Martin (1983), 20 Ohio App.3d 172,175; State v. Thompkins (1997), 78 Ohio St.3d 380, 387.
{¶ 5} A sexual predator is defined as: (1) "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense;" and (2) "is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.09(E). When determining whether an offender is a sexual predator, the trial court must determine both prongs by clear and convincing evidence. R.C. 2950.09(B)(3).
{¶ 6} The trial court must consider the nonexclusive list of factors set forth in R.C. 2950.09(B)(2) when determining whether an offender is a sexual predator. These factors are: (a) the offender's age; (b) the offender's prior criminal record; (c) the age of the victim; (d) whether the sexually oriented offense involved multiple victims; (e) whether the offender used drugs or alcohol to impair the victim; (f) whether the offender participated in available programs for sex offenders; (g) mental illness; (h) the nature of the sexual conduct in the underlying sexual offense; (i) whether the offender displayed cruelty; and, (j) any additional behavioral characteristics.
{¶ 7} A trial court may find an offender to be a sexual predator "even if only one or two statutory factors are present, so long as the totality of the relevant circumstances provides clear and convincing evidence that the offender is likely to commit a future sexually-oriented offense." State v. Randall (2000), 141 Ohio App.3d 160, 166, quotingState v. Clutter (Jan. 28, 2000) Washington App. No. 99 CA 19, 2000, 2000 Ohio App. LEXIS, at *7. "Although the trial court is not required to refer to each factor in making its determination, it is required to provide a general discussion of the factors, on the record during the sexual predator hearing or in the final judgment entry, so that the substance of the determination can be properly reviewed on appeal." Statev. Wade (Dec. 29, 2000) 11th Dist. No. 99-T-0061, 2000 Ohio App. LEXIS 6218, at *6-7.
{¶ 8} In the instant case, a review of the judgment entry reveals that the trial court considered appellant's prison records, Dr. John Fabian's psychological report and testimony, and the testimony of Detective Kathy Fellows.
{¶ 9} A review of Dr. Fabian's report reveals that appellant had several prison violations based on open sexual acts, and that he failed to complete the Polaris Sexual Offender Program. Appellant was administered the Minnesota Sex Offender Screening Tool-Revised, an actuarial risk prediction instrument for determining the risk of sex offending. Appellant's score placed him at a low risk level, which indicates a sixteen-percent chance of re-offending after a six-year period. Appellant was also administered the Static 99, an actuarial risk assessment to assess for future risk of sex offending. Appellant's score placed him at a low risk. Five percent of offenders who scored similarly re-offended after five years, eleven percent after ten years, and thirteen percent after fifteen years.
{¶ 10} Dr. Fabian further noted, in his report, that appellant does not have the two factors most highly associated with sex offender recidivism, to wit: psychopathy and sexual deviancy. However, Dr. Fabian stated that appellant "appears to be a regressed child molester who may have poor self-esteem, poor coping skills, and turns to children as a sexual substitute for the preferred sex partner, his wife in this case." Although Dr. Fabian opined that appellant presents a low risk actuarially of offending, he stated that clinically appellant presents a moderate risk to re-offend, especially to incest based victims.
{¶ 11} Dr. Fabian attested that appellant completed: two training classes presented by the Polaris Sex Offender Educational Program, entitled Living in Relationships and Gender Roles; a stress management program; an assertiveness training program; a self-esteem program; and, three years of college. Appellant had not, however, completed the sex offender program while in prison.
{¶ 12} Dr. Fabian testified that he could not diagnosis appellant as a pedophile because it had not been determined whether appellant offended for the six-month length of time required to make such a diagnosis; however, appellant exhibits pedophiliac traits. He also stated that appellant has little remorse. Dr. Fabian attested that appellant has a low actuarial risk, a moderate to high clinical risk, and an overall low to moderate risk of recidivating.
{¶ 13} The court considered the factors set forth in R.C. 2950.09(B) and found that: (a) appellant was thirty four years old at the time of the offense, (b) appellant had no prior criminal history; (c) the victim was appellant's three and half year old daughter; (d) there were not multiple victims, although the offenses occurred over at least a three month period; (e) the issue of whether the offender used drugs or alcohol to impair the victim was inapplicable; (f) the issue of whether the offender participated in available programs for sex offenders was inapplicable; (g) appellant does not suffer from mental illness or disability other than pedophilia; (h) appellant anally, orally, and vaginally raped his three and half year old daughter; and (i) appellant engaged in a pattern of abuse that involved cruelty. With regard to factor (j), which allows the court to consider additional behavioral characteristics, we note that appellant failed to complete the sex offender program. Although appellant's initiative to enroll in and complete prison courses and three years of college demonstrates a positive behavioral characteristic, it is not relevant to the determination of whether appellant is likely to recidivate. If appellant had successfully completed the sex offender program while in prison, it would have been relevant to the trial court's determination of whether appellant was likely to re-offend.
{¶ 14} The trial court determined that although the actual duration of the offenses was not determined, the offenses would have continued had appellant not been caught. Therefore, taking into account appellant's minimal remorse, demonstrated pattern of abuse against his daughter, and other factors, the court determined that appellant was a pedophile and likely to re-offend. The court also concluded that although actuarial tests are valuable tools, the tests do not look into the psychological makeup of the offender himself, but instead are based on the recidivism rates of similar offenders. As such, the court gave little weight to Dr. Fabian's determination that actuarially appellant posed a low risk of re-offending. Thus, the record reveals that the court considered Dr. Fabian's report and weighed it accordingly.
{¶ 15} The trial court discussed the factors set forth in R.C.2950.09(B)(2) and found by clear and convincing evidence that appellant is likely to engage in the future in one or more sexually oriented offenses. Based upon a review of the record before this court, we cannot conclude that the trial court's determination is against the manifest weight of the evidence. Appellant's sole assignment of error lacks merit.
{¶ 16} Based on the foregoing, the judgment of the Lake County Court of Common Pleas is affirmed.
WILLIAM M. O'NEILL, P.J., JUDITH A. CHRISTLEY, J., concur.