DECISION
{¶ 1} Ronald W. Roundtree, defendant-appellant, appeals the January 24, 2002 judgment of the Franklin County Court of Common Pleas finding him to be a sexual predator.
{¶ 2} On September 28, 2000, Westerville Police responded to a 911 call from a woman who stated that she heard a female screaming for help and pounding on the wall in an adjoining apartment. When the police arrived, they were met by the caller and a woman who claimed that she had been raped. The victim stated that the suspect was still in her apartment. Before the officers were able to search the apartment, a young male escaped through the front door. The victim was taken to the hospital and a short time later appellant was apprehended after he was seen fleeing from the victim's apartment by a police helicopter.
{¶ 3} The victim stated that she met appellant at a restaurant that night and, at the request of a friend, allowed him to spend the night at her apartment. The victim further stated that she provided appellant a place to sleep on the sofa and that she intended to sleep in her bedroom upstairs. The victim claimed that during the night, appellant came upstairs and got into bed with her. The victim got out of her bed, told appellant that he could sleep in her bed, and she went downstairs to sleep on the sofa.
{¶ 4} Later that night, the victim awoke finding appellant on top of her. The victim claimed that appellant requested that they have sex and that he had his pants pulled down with his penis exposed. The victim stated that she screamed, pushed him off of her, then ran upstairs to lock herself in her bedroom and call her boyfriend for help. The victim further stated that appellant forced the locked bedroom door open, grabbed her and threw her to the floor, pulled off her sweat pants, and forced his fingers into her vagina. She stated that she did not know whether appellant was able to penetrate her with his penis because she was struggling to free herself. The victim claimed that she pounded on the bedroom wall and screamed for help hoping that her neighbor would call the police. She stated that appellant attempted to keep her from screaming by restraining her and covering her mouth with his hand. The victim also stated that her ability to resist appellant was hampered because she was wearing a back brace at the time of the incident. The victim further claimed that appellant stopped after he heard the neighbor enter the apartment and that he escaped from the apartment after she and the neighbor went outside to meet the police officers. The victim later identified appellant as the man who raped her.
{¶ 5} On October 6, 2000, a grand jury indicted appellant on two counts of aggravated burglary, one count of kidnapping, one count of rape, and one count of rape with a specification. On January 14, 2002, appellant entered a guilty plea to one count of aggravated burglary, a violation of R.C. 2911.11; and to one count of rape, a violation of R.C.2907.02. The court accepted appellant's guilty plea and a nolle prosequi was entered for the remaining counts of the indictment.
{¶ 6} On January 22, 2002, appellant was sentenced by the trial court to serve ten years in prison for each of his two convictions. The court also held a sexual predator hearing. After hearing evidence from both sides, the court determined that appellant was a sexual predator, stating:
{¶ 7} "First, the [appellant] did more than just take advantage of the situation. The facts indicate that there was an independent witness in that the victim in this particular case was screaming and pounding for help. That is more than just taking advantage of a particular situation.
{¶ 8} "The Court finds that this was ongoing conduct by the [appellant] on this particular incident, having been given a clear indication that the victim wanted nothing to do sexually with the [appellant].
{¶ 9} "The fact the Court is taking into consideration the physical condition of the victim on this particular night, and I am not referring to the fact that she had been drinking or was intoxicated, because the facts do not indicate that the [appellant] used drugs or alcohol to impair her in any way. However, the Court is taking into consideration other physical factors.
{¶ 10} "The Court does find that the [appellant] has a record. It is a record over a period of time. Additionally, one of those is a conviction for public indecency in 1999, in which the [appellant] served a 30 day jail sentence.
{¶ 11} "Other additional behavioral characteristics that contribute to the [appellant's] conduct, as considered by the Court for this hearing, includes some of the information in the Netcare evaluation, as well as the [appellant's] inappropriate gender comments towards people throughout this particular case. Those comments being to both his counsel and in the record to the Court as well * * *."
{¶ 12} Appellant appeals the trial court's sexual predator determination and presents the following assignment of error:
{¶ 13} "The evidence before the court was legally insufficient to establish that appellant was a sexual predator, subject to the lifetime registration and community notification provisions of Chapter 2950 of the Ohio Revised Code."
{¶ 14} Appellant argues in his assignment of error that the trial court erred when it found him to be a sexual predator. Appellant claims that insufficient evidence was presented to establish that he is a sexual predator.
{¶ 15} A sexual predator is defined as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E). After reviewing all testimony and evidence presented at a hearing conducted pursuant to R.C. 2950.09(B)(1), a judge shall determine by clear and convincing evidence whether the offender is a sexual predator. R.C. 2950.09(B)(3). In making the determination of whether the offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
{¶ 16} "(a) The offender's age;
{¶ 17} "(b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
{¶ 18} "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
{¶ 19} "(d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
{¶ 20} "(e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
{¶ 21} "(f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
{¶ 22} "(g) Any mental illness or mental disability of the offender;
{¶ 23} "(h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
{¶ 24} "(i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
{¶ 25} "(j) Any additional behavioral characteristics that contribute to the offender's conduct." R.C. 2950.09(B)(2).
{¶ 26} An appellate court reviewing a finding that an appellant is a sexual predator must examine the record to determine whether the trier of fact had sufficient evidence before it to satisfy the clear and convincing standard. State v. Williams, Franklin App. No. 02AP-35, 2002-Ohio-4503, at ¶ 90. "Clear and convincing evidence is that measure or degree of proof which is more than a mere preponderance of the evidence, but not to the extent of such certainty as is required beyond a reasonable doubt in criminal cases, and which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." State v. Smith (June 22, 1999), Franklin App. No. 98AP-1156, following Cincinnati Bar Assn. v. Massengale (1991),58 Ohio St.3d 121, 122.
{¶ 27} Appellant was convicted of rape, a violation of R.C. 2907.02. Rape is considered a "sexually oriented offense" pursuant to R.C.2950.01(D)(1). The record also shows that sufficient evidence exists to demonstrate that appellant is likely to engage in the future in one or more sexually oriented offenses. Appellant forced himself upon the victim after breaking through a locked bedroom door. Appellant took advantage of the fact that the victim had limited mobility because she was wearing a back brace. According to the prosecution, the incident "wasn't some romantic interlude where one person had one idea and another had another." Instead of a "romantic interlude," the victim had been asked by a friend to allow appellant to spend the night at her apartment. Appellant had been convicted of and had served time in jail for public indecency. Although public indecency is not included within the definition of a sexually oriented offense, a trial court may consider it in its sexual predator determination. State v. Randall (2001),141 Ohio App.3d 160, 167.
{¶ 28} Additionally, in determining an offender's propensity to commit future sex offenses, the trier of fact can use past behavior to gauge future propensity to commit crimes since past behavior is often an indicator of future violent tendencies even if the prior behavior did not result in a criminal conviction. State v. Foster (May 19, 2000), Washington App. No. 99 CA 44. In addition to his public indecency conviction, appellant had been previously arrested for the following charges: cultivating and trafficking marijuana, criminal trespassing, domestic violence, receiving stolen property, theft, and larceny shoplifting. Appellant was convicted of disorderly conduct in 1995, criminal trespass in 1996, public indecency in 1999, petty theft in 1999, and theft in 2000. Appellant claimed that he had led "a life of crime" dating back to his adolescence. While appellant was incarcerated awaiting the resolution of his case, appellant scooped an empty milk carton full of urine and feces from his toilet bowl and threw the raw sewage at a prison guard. Appellant's past criminal behavior demonstrates that he has little regard toward the law or the rights of others, an indicator that he may commit a sexually oriented offense again in the future.
{¶ 29} A Netcare psychological evaluation of appellant also provides information concerning appellant's mental state. The report concluded that appellant had "a history of feigning mental illness." A counselor at the prison where appellant was housed opined that appellant's behavior while in prison "was another manipulative effort to appear mentally ill in order to be transferred to the state hospital." The report also states that appellant "admittedly prefers to be in the state psychiatric hospital over the jail because he can smoke at the hospital."
{¶ 30} After having reviewed the record, we find that sufficient evidence was presented to show by clear and convincing evidence that appellant is a sexual predator. Appellant's rape conviction combined with his tendency toward violence demonstrates that he is likely to engage in the future in one or more sexually oriented offenses. Accordingly, appellant's assignment of error is overruled and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
LAZARUS and KLATT, JJ., concur.