OPINION
{¶ 1} Appellant, Duane J. Miller, appeals the judgment of the Portage County Court of Common Pleas adjudicating him a sexual predator pursuant to R.C. Chapter 2950, Ohio's version of New Jersey's Megan's Law.
 {¶ 2} On May 3, 2001, appellant was indicted on six counts of unlawful sexual conduct with a minor, a felony of the third degree, in violation of R.C. 2907.04(A) and (B)(3). These charges stemmed from inappropriate sexual conduct appellant had with his girlfriend's fifteen-year-old daughter.
 {¶ 3} Appellant ultimately withdrew his former plea of not guilty and entered a written plea of guilty to three counts of unlawful sexual conduct with a minor. The trial court formally accepted appellant's guilty plea by judgment entry on July 12, 2001 and entered a nolle prosequi to the remaining charges. The trial court then referred the matter to the adult probation department for the preparation of a presentence investigation report and ordered that appellant be evaluated by the Kevin Coleman Center ("the Coleman Center") for a sexual predator determination.
 {¶ 4} Prior to sentencing, the matter came on for a hearing to determine whether appellant was a sexual predator. At the hearing, the state presented the testimony of Michael Berzinsky ("Berzinsky"), a clinic counselor at the Coleman Center, who evaluated appellant and prepared a sexual offender risk assessment report. This report, along with the sexual predator evaluation, the presentence investigation report and the victim impact statement, were admitted into evidence.[1]
 {¶ 5} Upon consideration, the trial court issued a judgment entry on November 15, 2001, finding, by clear and convincing evidence, that appellant was a sexual predator. Thereafter, in a separate judgment entry also dated November 15, 2001, the trial court sentenced appellant to a three-year prison term on each of the three counts to be served concurrently.
 {¶ 6} Appellant now appeals the sexual predator classification, and advances a single assignment of error for our consideration:
 {¶ 7} "The trial court committed reversible error in designating the defendant a sexual predator without sufficient evidence."
 {¶ 8} Prior to examining appellant's assignment of error, it is necessary to address an issue not set forth in appellant's brief. During the trial court's sexual predator and sentencing hearing, appellee introduced Berzinsky as an expert witness, and both his testimony and risk assessment report were incorporated as part of the record. Although appellant has waived this matter on appeal by failing to object, we find that Berzinsky's qualification as an expert in the area of sexual predator evaluations is unknown.
 {¶ 9} The record indicates that Berzinsky was employed as a clinical counselor at the Coleman Center for over ten years. His educational background includes a masters in education and community counseling, and an undergraduate degree in psychology. Berzinsky was not licensed as a psychiatrist or psychologist.
 {¶ 10} Berzinsky was certainly qualified to testify as to what type of counseling appellant received. However, it is unknown if he was qualified to testify regarding his opinion as to the appellant's likeliness to commit another sexual offense.
 {¶ 11} Pursuant to Evid.R. 104, prior to the introduction of expert testimony, a trial court must make a threshold determination as to the qualification of a person testifying as an expert. State v. Rhodes, 11th Dist. No. 2000-L-089, 2001-Ohio-8693, at 4. To determine whether a person is qualified Evid.R. 702 must be applied. See, e.g., Durso v.Durso (Dec. 4, 1987), 11th Dist. No. 3832, 1987 Ohio App. LEXIS 9917, at 4. Specifically, Evid.R. 702(B) provides, "[t]he witness is qualified as an expert by specialized knowledge, skill, experience, training, or education regarding the subject matter of the testimony."
 {¶ 12} A ruling as to the admission or exclusion of expert testimony is within the trial court's broad discretion. Rhodes at 4. Thus, all questions concerning the admission or exclusion of expert testimony are considered on an abuse of discretion basis. State v. Awkal
(1996), 76 Ohio St.3d 324, 331. "An abuse of discretion is more than an error of law or judgment; rather it implies that the trial court's attitude is unreasonable, arbitrary or unconscionable." Rhodes at 4.
 {¶ 13} Upon applying Evid.R. 702, a trial court should exercise caution in assuring that the subject matter of an expert witness's testimony relates to the expertise the witness brings to the courtroom. See, e.g., Azzano v. O'Malley (1998), 126 Ohio App.3d 368. The trial court must be observant that an expert witness qualified in one subject area may not be qualified to testify as an expert in a related subject. Rhodes at 5.
 {¶ 14} We now consider the merits of appellant's appeal. Although not raised as an issue on appeal, we take notice of the fact that the trial court failed to provide a general discussion of the factors contained in R.C. 2950.09(B)(2)(a)-(j) to support its determination that appellant was a sexual predator.
 {¶ 15} In deciding whether a defendant is a sexual predator, the trial court must consider all relevant factors including, but not limited to, all of the factors specified in R.C. 2950.09(B)(2)(a)-(j). State v.Cook (1998), 83 Ohio St.3d 404, 426; State v. Randall (2000),141 Ohio App.3d 160, 165. These factors include: (1) the offender's age, (2) the offender's prior criminal record including, but not limited, to all sexual offenses, (3) the age of the victim, (4) whether the sexually oriented offense for which sentence was imposed involved multiple victims, (5) whether the offender used drugs or alcohol to impair the victim or to prevent the victim from resisting, (6) whether the offender has participated in available programs for sexual offenders, (7) any mental illness or mental disability of the offender, (8) the nature of the offender's conduct and whether that conduct was part of a demonstrated pattern of abuse, (9) whether the offender displayed cruelty during the commission of the crime, and (10) any additional behavioral characteristics that contributed to the offender's conduct.
 {¶ 16} Once the trial court determines that an offender should be deemed a sexual predator, "that court has an obligation to state which factors under R.C. 2950.09(B)(2) it found to support the determination."State v. Strickland (Dec. 22, 2000), 11th Dist. No. 98-L-013, 2000 WL 1876587, at 2. See, also, State v. Davis (Apr. 19, 2002), 11th Dist. No. 2000-L-190, 2002 WL 603061, at 1. As to this point, we made the following observation in Randall:
 {¶ 17} "`The statute does not require the court to list the criteria, but only to "consider all relevant factors, including" the criteria in R.C. 2950.09(B)(2) in making his or her findings. *** Even though the trial court is not required to refer to each factor in making its determination, the court is required to provide a general discussion
of the factors so that the substance of the determination can be properly reviewed for purposes of appeal. *** Such a discussion can be set forth on the record during the sexual offender hearing or in the court's judgment entry." (Citations omitted and emphasis added.) Randall at 165-166. See, also, Davis at 1; State v. Swick (Dec. 21, 2001), 11th Dist. No. 97-L-254, 2001 WL 1647220, at 9, fn. 6; State v. Naples (Dec. 14, 2001), 11th Dist. No. 2000-T-0122, 2001 WL 1602715, at 2; State v.Pasko (Dec. 7, 2001), 11th Dist. No. 2000-L-067, 2001 WL 1560935, at 4;
 {¶ 18} Likewise, in State v. Eppinger (2001), 91 Ohio St.3d 158,166, the Supreme Court of Ohio explained that the trial court "should discuss on the record the particular evidence and factors upon which it relies in making its determination regarding the likelihood of recidivism" to aid the appellate courts in reviewing the evidence on appeal. See, also, Davis at 1; Pasko at 4.
 {¶ 19} "A primary objective of a sexual predator hearing is to ensure that an adequate record exists for meaningful appellate review."State v. Marshall, 2d. Dist. No. 19239, 2002-Ohio-5131, at ¶ 18, citing Eppinger at 166-167. On review, the appellate court does not apply a de novo standard of review; rather the manifest weight of the evidence standard is applicable. Davis at 7. The significance of this standard is that the appellate court cannot review the record in light of all the evidence available to the trial court and draw its own conclusions as to weight and credibility. Id. Thus, a blanket incorporation of various reports and comments will not ensure a meaningful appellate review or satisfy the requirements of Eppinger. Id.
 {¶ 20} With these principles in mind, we examine the record and judgment entry. A review of the transcript from the sexual predator hearing reveals that the trial court made the following statement:
 {¶ 21} "Let me first of all, on the sexual status as to offender or sexual predator, the primary thing the Court has to be concerned about under the statute is whether or not the defendant is likely to commit another sex offense.
 {¶ 22} "Based upon his background and what was said here, theCourt can only find that [appellant is] likely to commit another sexoffense, and therefore the Court must find that he's a sexual predator,and the Court does make that finding." (Emphasis added.)
 {¶ 23} Then, in its November 15, 2001 judgment entry, the trial court stated the following:
 {¶ 24} "The Court has considered all of the factors contained in O.R.C. Section 2950.09(B)(2), as well as all of the evidence and argument presented by the parties, and now makes the following findings of fact:based upon testimony presented to the Court and that Defendant has ahistory of sexual offenses, he is likely to offend again." (Emphasis added.)
 {¶ 25} While the trial court indicated that it considered the factors contained in R.C. 2950.09(B)(2), the court failed to provide a "general discussion" of those factors to support its determination that appellant was a sexual predator. As such, we are precluded from addressing appellant's argument that there was insufficient evidence for the trial court to determine by clear and convincing evidence that appellant is a sexual predator.
 {¶ 26} At most, the trial court ambiguously referred to appellant's "background" and his "history of sexual offenses[.]"[2] This statement, however, does not constitute a "general discussion" of the statutory factors. "When we consider the trial court's brief reference to one of the criteria at the sexual predator adjudication hearing, we are not persuaded that the trial court sufficiently engaged in the required statutory analysis or provided a sufficient explanation of its reasons for its finding that appellant is a sexual predator." (Emphasis added.)State v. Schoolcraft, 4th Dist. No. 01CA673, 2002 Ohio 3583, at ¶ 26. This is especially true in the instant matter where several of the statutory factors seem to be relevant in determining whether appellant should have been adjudicated a sexual predator.
 {¶ 27} There is also concern over the brevity of the standard form used by the court for its judgment entry. While we do not object to the concept of using a judgment entry form, it should be a form which encourages the making of specific factual findings. The judgment entry form in the instant case simply made a blanket incorporation of all of the evidence and arguments presented. Such a form does not assist in a meaningful appellate review, and does not satisfy the requirements of Eppinger.
 {¶ 28} The trial court must "provide a `general discussion' of the relevant criteria so that an appellate court can conduct a meaningful review of the decision." Swick at 9, fn. 6. See, also, Davis at 2; Naples at 3. While this may be viewed as merely a procedural technicality, it is, nonetheless, an important requirement for purposes of appellate review.
 {¶ 29} Accordingly, the judgment of the trial court is reversed, and the matter is remanded for the trial court to provide a general discussion of the factors contained in R.C. 2950.09(B)(2)(a)-(j) to support its determination that appellant is a sexual predator.
Our decision, however, should not be construed to express any view as to whether appellant is a sexual predator.
DONALD R. FORD, P.J. and WILLIAM M. O'NEILL, J., concur.
[1] At the conclusion of the hearing, the trial court expressly incorporated Berzinsky's report as part of the record. However, the record submitted on appeal fails to include Berzinsky's sexual offender risk assessment report.
[2] As for the trial court's reference to appellant's "history of sexual offenses," the presentence investigation report revealed that appellant has a long criminal record which included six convictions for public indecency and four instances where the public indecency charge was either dismissed or the disposition of the case was unknown. Public indecency, however, is not considered a sexually orientated offense as defined in R.C. 2950.01(D). Randall at 167, fn. 3. Thus, it is unclear to this court what "sexual offenses" the trial court was referring to when it made this statement. Nevertheless, public indecency can still be considered by the trial court because an offender's prior criminal record remains a factor under R.C. 2950.09(B)(2)(b).