The STATE of Ohio, Appellee,

v.

RANDALL, Appellant.

[Cite as *State v. Randall* (2001), 141 Ohio App.3d 160.]

Court of Appeals of Ohio,
Eleventh District, Lake County.

No. 99–L–040.

Decided Jan. 22, 2001.

*Charles E. Coulson,* Lake County Prosecuting Attorney, and *Brian L. Summers,* Assistant Prosecuting Attorney, for appellee.

*R. Paul Laplante,* Lake County Public Defender, and *Vanessa R. MacKnight,* Assistant Public Defender, for appellant.

---

CHRISTLEY, Presiding Judge.

Appellant, Steven E. Randall, appeals the judgment of the Lake County Court of Common Pleas adjudicating him a sexual predator pursuant to R.C. Chapter 2950.

On November 16, 1998, appellant was charged by way of information with one count of gross sexual imposition, a felony of the third degree, in violation of R.C. 2907.05. This charge evolved out of a sexual encounter with a twelve-year-old daughter of a female acquaintance. Appellant admitted to using drugs and alcohol prior to entering the victim's room in search of her mother with whom appellant had a relationship. Believing the victim to be the mother, appellant touched her buttocks, back, and breast over the top of her nightclothes. During this incident, appellant was calling out the mother's name.

On December 30, 1998, appellant entered a written plea of guilty to the charge. Prior to sentencing, the matter came on for a sexual offender hearing. The trial court found by clear and convincing evidence that appellant was a sexual predator as defined in R.C. 2950.01 and sentenced him to a term of one year in prison.

Appellant now appeals the sexual predator adjudication, and asserts five assignments of error for our consideration:

"[1.] R.C. 2950.09 constitutes a denial of due process and must be held unconstitutional under strict scrutiny because defendant[-]appellant's fundamental rights have been impaired.

"[2.] R.C. 2950.09(C) is unconstitutionally vague, thus denying defendant-appellant due process of law.

"[3.] R.C. 2950.09(C) is sufficiently punitive in nature to constitute cruel and unusual punishment.

"[4.] R.C. 2950.09 is an unconstitutional exercise of Ohio's police powers which unreasonably interferes with the defendant-appellant's civil liberties and private rights and is unduly oppressive, in violation of Section 1, Articl[e] I of the Ohio Constitution.

"[5.] The finding that the defendant-appellant is a sexual predator was against the manifest weight of the evidence."

Under his first four assignments of error, appellant raises four different challenges to the constitutionality of R.C. 2950.09, Ohio's version of New Jersey's Megan's Law. For the reasons set forth below, we reject appellant's constitutional challenges.

■ Appellant's first assignment of error concerns the Due Process and Equal Protection Clause. Specifically, appellant argues that there exists no rational basis for the classification. According to appellant, the statute is simply an arbitrary and capricious attempt to punish sex offenders and denies those affected individuals the protection of substantive due process. Further, appellant suggests that being adjudicated a sexual predator impinges upon his fundamental rights to liberty and privacy.[1]

R.C. Chapter 2950 does not offend substantive due process and equal protection as the statute is rationally related to a legitimate state interest, and there exist reasonable grounds for distinguishing between sexual predators and other offenders. *State v. Lee* (1998), 128 Ohio App.3d 710, 716, 716 N.E.2d 751, 755; *State v. Lance* (Feb. 13, 1998), Hamilton App. Nos. C–970301, C–970282 and C–970283, unreported, at 6–7, 1998 WL 57359. The legislature declared that its intent was to "protect the safety and general welfare of the people of this state." R.C. 2950.02(B). Assuring public protection from sex offenses is a legitimate state interest. *Lance* at 7. Further, the legislature has concluded that sex offenders pose a high risk of recidivism and that the registration and notification requirements "clearly advance the legislature's stated goal of protecting the public." *Id.* Because reasonable grounds exist for distinguishing between sexual predators and other offenders, R.C. Chapter 2950 does not violate the Equal Protection and the Due Process Clauses. *Lee* at 716, 716 N.E.2d at 754–755; *Lance* at 7. The first assignment of error lacks merit.

■ Under the second assignment of error, appellant maintains that R.C. 2950.09 is unconstitutionally vague, as it gives the trial court virtually no guidance as to which party has the burden of proof or how strong a showing is required for a defendant to be adjudicated a sexual predator.

The Supreme Court of Ohio in *State v. Williams* (2000), 88 Ohio St.3d 513, 728 N.E.2d 342, rejected this precise argument and concluded that R.C. Chapter 2950 is not void for vagueness. There is "nothing impermissibly vague" about employing the clear-and-convincing evidence standard in R.C. Chapter 2950. *Williams* at 533, 728 N.E.2d at 361–362. Although the general language of R.C. Chapter 2950 is broad, and the guiding factors may have been broadly worded, "a certain level of broadness in the language of R.C. Chapter 2950 allows for

---

1. This argument will also be addressed in appellant's fourth assignment of error.

individualized assessment rather than an across-the-board rule." *Id.* at 534, 728 N.E.2d at 362. As a result, appellant's second assignment of error is meritless.

In his third assignment of error, appellant contends that R.C. 2950.09(C) amounts to cruel and unusual punishment under the federal and state Constitutions as registration requirements traditionally have been viewed as punitive in nature.

In *State v. Cook* (1998), 83 Ohio St.3d 404, 423, 700 N.E.2d 570, 585–586, the Supreme Court held that the registration and notification provisions of R.C. Chapter 2950 are not punitive in nature. Rather, these provisions serve the remedial purpose of ensuring public safety. Thus, absent any punishment, the protections against cruel and unusual punishment are not triggered. *State v. Paul* (Aug. 3, 2000), Auglaize App. No. 2–2000–12, unreported, at 1, 2000 WL 1061235; *State v. Young* (June 13, 2000), Meigs App. No. 99CA13, unreported, at 2, 2000 WL 781100. Accordingly, appellant's third assignment of error is without merit.

With respect to the fourth assignment of error, appellant argues that R.C. 2950.05 is an unconstitutional exercise of police power, as it unreasonably encroaches upon civil liberties, privacy rights, and violates Section 1, Article I of the Ohio Constitution.

The Supreme Court in *Williams* rejected this constitutional challenge and held that R.C. Chapter 2950 did not violate the rights enumerated in Section 1, Article I of the Ohio Constitution. *Williams* at 527, 728 N.E.2d at 356–357. Although the statute impacts a convicted sex offender's life, the Supreme Court found the statute to be reasonable, as it addresses "legitimate governmental interests without a detrimental effect on individual constitutional rights." *Id.* at 525, 728 N.E.2d at 355. The statute does not infringe on a sex offender's right to privacy because such a right encompasses only *personal information,* and the information distributed as part of the notification provisions is already considered to be *public record.* *Id.* at 526, 728 N.E.2d at 356. Further, the right to acquire or protect property, the right to pursue an occupation, and the right to a favorable reputation are not violated by the statute. *Id.* at 526–527, 728 N.E.2d at 356–358. Appellant's fourth assignment of error lacks merit.

Under the final assignment of error, appellant claims that the trial court's sexual predator determination was against the manifest weight of the evidence and that the court failed to use the clear-and-convincing standard when determining whether appellant was a sexual predator. According to appellant, the trial court ignored the opinions expressed in the psychological evaluation and presentence report, which found that he was not sexually addicted and did not demonstrate sexually predatory behavior.

The standard for determining whether a verdict is against the manifest weight of the evidence is as follows:

"The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Thompkins* (1997), 78 Ohio St.3d 380, 387, 678 N.E.2d 541, 547, citing *State v. Martin* (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717. See, also, *State v. Thatcher* (Apr. 18, 2000), Auglaize App. No. 2–99 50, unreported, at 4, 2000 WL 426403.

R.C. 2950.01(E) defines a "sexual predator" as a person who (1) has been convicted of or pleaded guilty to committing a sexually oriented offense and (2) is likely to engage in the future in one or more sexually oriented offenses. In the instant matter, appellant pleaded guilty to one count of gross sexual imposition. The offense of gross sexual imposition qualifies as a "sexually oriented offense" under R.C. 2950.01(D)(1). Accordingly, appellant indisputably meets the first prong of the "sexual predator" definition. Appellant, however, challenges the trial court's finding on the second prong, *i.e.*, that he is likely to commit a sexually oriented offense in the future.

In making a determination as to whether a defendant is a sexual predator, the trial court must consider all relevant factors including, but not limited to, all of the factors specified in R.C. 2950.09(B)(2)(a) through (j). These factors include (1) the offender's age, (2) the offender's prior criminal record, (3) the age of the victim, (4) whether the sexually oriented offense for which sentence was imposed involved multiple victims, (5) whether the offender used drugs or alcohol to impair the victim or to prevent the victim from resisting, (6) whether the offender has participated in available programs for sexual offenders, (7) any mental illness or mental disability of the offender, (8) the nature of the offender's conduct and whether that conduct was part of a demonstrated pattern of abuse, (9) whether the offender displayed cruelty during the commission of the crime, and (10) any additional behavioral characteristics that contributed to the offender's conduct.

The trial court must consider the above-mentioned factors as set out in R.C. 2950.09(B)(2) in determining whether a defendant is a sexual predator. *State v. Qualls* (Mar. 4, 1999), Cuyahoga App. No. 72793, unreported, at 5, 1999 WL 127252. "The statute does *not* require the court to list the criteria, but only to 'consider all relevant factors, including' the criteria in R .C. 2950.09(B)(2) in making his or her findings." (Emphasis added.) *Cook* at 426, 700 N.E.2d at 587. Even though the trial court is not required to refer to each factor in making its determination, the court is required to provide a general discussion of the factors so that the substance of the determination can be properly reviewed for purposes

of appeal. *State v. Burke* (Sept. 21, 2000), Franklin App. No. 00AP–54, unreported, at 4–5, 2000 WL 1358111. Such a discussion can be set forth on the record during the sexual offender hearing or in the court's judgment entry. *Burke* at 4–5.

■ Further, in order for the trial court to adjudicate the offender as a sexual predator, there must be *clear and convincing evidence* that the offender is a sexual predator. R.C. 2950.09(B)(3).[2] A trial court may find an offender to be a sexual predator "even if *only one or two statutory factors are present,* so long as the totality of the relevant circumstances provides clear and convincing evidence that the offender is likely to commit a future sexually-oriented offense." (Emphasis added.) *State v. Clutter* (Jan. 28, 2000), Washington App. No. 99CA19, unreported, at 3, 2000 WL 134730.

In the case at bar, the trial court noted in its judgment entry that it considered the presentence report, the victim-impact statement, the psychiatric evaluation, along with the factors set forth in R.C. 2950.09(B)(2). Although not mentioned in its judgment entry, the trial court expressed its reasons for adjudicating appellant to be a sexual predator on the record during the hearing. Based upon the nature of the crime involved and the finding that a *pattern of abuse had been demonstrated by appellant,* particularly as to younger females, the trial court labeled appellant as a sexual predator.

■ It is undisputed that an offender's behavioral characteristics and mental illness or mental disability are factors in determining whether an offender is a sexual predator. R.C. 2950.09(B)(2)(g) and (j). Even though the trial court stated that it had considered the psychiatric evaluation, the court did not explain why it made a finding contrary to what the psychiatric evaluation had concluded. Certainly, trial courts should not be forced to accept the conclusions of psychologists or psychiatrists as to whether an individual is a sexual predator. However, when a psychiatric evaluation is in direct conflict with the finding of the trial court, we believe that some discussion is required as to why the expert conclusion had been rejected.

During the psychiatric evaluation, appellant admitted to several events of indecent exposure to women wherein he proceeded to drive several times in

---

**2.** At the hearing, the trial court stated that "[due] to the nature of the crime of which you [appellant] are involved, I do believe it was the intention of our legislature to protect the public and to be *conservative* in the labeling." (Emphasis added.) Such a statement inaccurately depicts the intent of the legislature. If the legislature had meant for the court to apply the sexual predator label in a conservative manner, then the clear-and-convincing standard of proof would not have been required under the statute. Upon remand, the trial court will be able to address its understanding of the clear-and-convincing standard so as to eliminate any conflict created by its use of the word "conservative."

public without clothing.[3] The record reflects that during at least one incident, appellant was under the influence of illegal drugs. Although appellant claimed to be drug- and alcohol-free, a urine screen taken at the time of his presentence interview revealed that he tested positive for cocaine. Numerous attempts were made by appellant to seek treatment for his drug and alcohol dependence; however, he failed to follow through with such treatment.

Despite the fact that appellant had demonstrated a pattern of exposing himself to women, the psychiatric evaluation indicated that appellant did *not demonstrate* "*patterns of abuse from a sexual perspective* * * * [and did] *not meet the criteria for classification as a sexual predator.*" (Emphasis added.) Moreover, the presentence report indicated that a psychological consultation was made, and it "rule[d] out sexual addiction * * *."

The trial court may have determined appellant to be a sexual predator because the court was disturbed by the evidence that appellant seemed to lose all his sexual inhibitions while under the influence of alcohol and/or drugs, and that while high or intoxicated, appellant presented a viable threat sexually to the women around him. The psychiatric evaluation supports such a contention as it recognized that appellant had a history of engaging in "multiple antisocial activities" while under the influence of alcohol and drugs. Arguably, the instant episode was an escalation from the prior episodes and was more than an indiscreet event. Further, appellant's motivation to recover from his drug and alcohol addiction was described in the psychiatric evaluation as being "questionable." Thus, absent evidence of a willingness to address and correct his problem with drugs and/or alcohol, the trial court could have concluded that the public needed to be protected because appellant had failed to address the substance abuse problems that seemed to trigger these escalating events, which most recently resulted in a near rape of a twelve year old.

Unfortunately, we are unable to guess as to whether the above facts or others of record were the critical and determinative evidence upon which the trial court relied. Without a similar analysis, the trial court's judgment entry is insufficient for this court to properly review the manifest weight of evidence challenge because no explanation was provided by the court as to what it found to be clear and convincing evidence that appellant was a sexual predator contrary to the psychiatric evaluation. The trial court is required to provide a general discussion

---

**3.** We note that appellant has a lengthy criminal record which included three separate convictions in 1994 and 1996 for public indecency to women. Public indecency, however, is not included within the definition of a sexually orientated offense as set forth in R.C. 2950.01(D). *State ·v. Lusher* (Nov. 7, 1997), Wood App. No. WD–97–006, unreported, at 1, 1997 WL 703339. Nevertheless, these offenses can still be considered by the trial court as an offender's prior criminal record remains a factor under R.C. 2950.09(B)(2)(b).

of the factors so that the substance of the determination can be properly reviewed on appeal. *Burke* at 4–5. Therefore, we remand this matter to the trial court so that it may provide such an explanation.

Based on the foregoing analysis, the judgment of the trial court is reversed and the cause is remanded for proceedings consistent with this opinion and law.

*Judgment reversed*
*and cause remanded.*

NADER and WILLIAM M. O'NEILL, JJ., concur.