{¶ 42} I respectfully dissent from the opinion of the majority because I believe that the trial court fulfilled its duties under R.C.2950.01(E) and R.C. 2950.09(B)(3) and that its finding that the appellant is a sexual predator is supported by clear and convincing evidence.
 {¶ 43} The majority opines that the trial court's failure to follow the hearing model established by the Ohio State Supreme Court inState v. Eppinger constitutes error. However, while Eppinger presents a preferred method for conducting a sexual predator hearing, it does not necessarily require strict compliance nor mandate reversal of hearings that do not directly mirror this model. Turning to the instant case, the majority finds fault with the prosecution's and defense's failure to identify on the record portions of the transcript, presentence report, or "other pertinent aspects of the defendant's criminal and social history that both relate to the factors set forth in R.C. 2950.09(B)(2) and are probative of the issue of whether the offender is likely to engage in the future in one or more sexually oriented offenses."[1] Eppinger addressed a sexual predator hearing that took place nearly eight years after the appellant was convicted for his crimes. The Eppinger court was particularly disturbed by the prosecutor's failure to point to specifics in the record and the lack of witnesses on either side because the underlying conviction was so old and, thus, the relevant evidence was not fresh in the trial court's memory.[2] In the instant case, the sexual predator hearing was conducted only a little over one month after the appellant pled no contest to the charges. Furthermore, the trial court stated that it reviewed the relevant materials prior to the hearing. Thus, the transcripts, presentence investigation, and other relevant materials had been recently addressed, obviating the need for the prosecution to review this information for the court.
 {¶ 44} Both the defendant and his counsel made statements on the record presumably for the purpose of mitigation. Although the majority asserts that the defense failed to point out factors in the record, a review of the hearing transcript reveals otherwise. Defense counsel made a statement in which he noted that the defendant had no other felony convictions and that, while alcohol and drugs played a part in the offense, the defendant was "thinking more clearly" since he ceased using these substances. Counsel also noted that the defendant admitted that he "did wrong" by pleading no contest to the charges.
 {¶ 45} As the majority points out, the most important consideration for determining whether an individual who has committed a sexually oriented crime should be deemed a sexual predator is the likelihood of recidivism. R.C. 2950.09(B)(3) sets forth factors for a trial court to consider in order to make this determination. The weight and relevance of each of these factors depends on the facts of the individual case and, thus, is within the discretion of the trial court.[3] Therefore, where it is clear from the record that the trial court has properly weighed these factors and that its judgment was based on sufficient evidence, its findings should be upheld even where the Eppinger hearing model is not followed by the book.
 {¶ 46} The majority also suggests that a trial court must indicate on the record and in the judgment entry the defendant's likelihood of recidivism and that the judgment entry must also reference the factors relied upon to establish the sexual predator status. R.C. 2950.09(B)(4) mandates that "the court shall specify in the offender's sentence and the judgment of conviction that contains the sentence * * * that the court has determined that the offender * * * is a sexual predator and shall specify that the determination was pursuant to division (B) of this section." Careful reading of this section reveals that it is not incumbent upon the trial court to reiterate the factors relied upon to establish sexual predator status. Nor does it mandate a statement specifically referencing recidivism in the judgment entry. Rather, the trial court need only make clear that the determination was conducted under division (B) of the statute. The majority concedes that the trial court did state that it found by clear and convincing evidence that it determined the appellant to be a sexual predator under R.C. 2950.09(B), which is all the statute requires. I am not bothered, as the majority is, that the trial court made the required findings by means of checking a box on a pre-formatted judgment entry.
 {¶ 47} Regarding the necessity of a discussion of recidivism on the record, the majority seems to suggest that the trial court must use the "magic word" recidivism and must specifically address how the factors it considers relate to recidivism. While it is necessary for the court to "discuss on the record the particular evidence and factors upon which it relies in making its determination regarding the likelihood of recidivism,"[4] nothing in the statute specifically requires that the trial court tell how these factors relate to recidivism. Such a discussion would be redundant, since the legislature has already determined that the factors in R.C. 2950.09(B)(3) shall be considered precisely because they are probative of the issue of recidivism.
 {¶ 48} The trial court stated on the record: "The Court at this time is going to make a finding that you are a sexual predator; and I make those findings from the fact that you had sexual relations with your own daughter, you did so by plying her with drugs and alcohol. I think there is evidence in the pre-sentence investigation file that this is not the first time that this has — this has happened, and that you got your own psychological and mental issues that would have contributed to it.
 {¶ 49} "So, based on that, the Court feels that there is clear and convincing evidence that you are a sexual predator * * *."
 {¶ 50} This discussion references several of the factors for determining likelihood to reoffend found in R.C. 2950.09(B)(3), including the use of drugs or alcohol to impair the victim, mental illness of the offender, whether the interaction was part of a demonstrated pattern of abuse, and the additional factor of the victim's familial relationship to the defendant. Accordingly, I would find that the trial court fulfilled its duties under R.C. R.C. 2950.01(E) and R.C. 2950.09(B)(3).
 {¶ 51} In the majority's view, even if the hearing in this case had been procedurally sufficient in its belief, there was not clear and convincing evidence to support a sexual predator classification. However, even excluding the court's potentially problematic finding regarding the defendant's psychological problems, I believe that record contains clear and convincing evidence that the appellant is a sexual predator. "A trial court may find an offender to be a sexual predator even if only one or two statutory factors are present, so long as the totality of the relevant circumstances provides clear and convincing evidence that the offender is likely to commit a future sexually oriented offense."[5]
 {¶ 52} In addition to the evidence specifically noted by the trial court, as confirmed by transcripts, the record, and the PSI report, the concurring opinion herein points out additional evidence to support the finding. Among those are the victim's relative youth and the fact that the crime was perpetrated in the presence of the victim's minor siblings, aged nine and eleven. Most significant is the fact that the victim's nine-year-old sister, who is also the appellant's daughter, witnessed the assault, which, as the concurring opinion notes, suggests intentional involvement of an additional victim.
 {¶ 53} Based on all of the forgoing, I would uphold the decision of the trial court finding the appellant to be a sexual predator.
[1] Eppinger, 91 Ohio St. at 166.
[2] See id. at 164-65.
[3] Thompson, 92 Ohio St.3d at 584.
[4] Eppinger, supra at 166.
[5] State v. Randall (2001), 141 Ohio App.3d 160.