CHARLES E. COULSON, LAKE COUNTY PROSECUTOR; AMY E. CHEATHAM, ASSISTANT PROSECUTOR, 105 Main St., P.O. Box 490, Painesville, OH 44077, (For Plaintiff-Appellee).
R. PAUL LaPLANTE, LAKE COUNTY PUBLIC DEFENDER; VANESSA R. CLAPP, ASSISTANT PUBLIC DEFENDER, 125 East Erie Street, Painesville, OH 44077, (For Defendant-Appellant).
 OPINION
{¶ 1} Appellant, Dale F. Camire, appeals the judgment of the Lake County Court of Common Pleas. The court labeled Camire a sexual predator.
 {¶ 2} Camire was charged with two counts of rape and two counts of gross sexual imposition. Camire entered into a plea bargain with the state and pled guilty to one count of rape, pursuant to an Alford plea. The remaining charges against Camire were dropped.
 {¶ 3} Camire was sentenced to a term of seven years for the rape conviction. A hearing was held to determine if Camire should be labeled a sexual predator.
 {¶ 4} Camire raises the following assignment of error on appeal:
 {¶ 5} "The trial court committed reversible error when it labeled the defendant-appellant a sexual predator against the manifest weight of the evidence."
 {¶ 6} In determining whether a verdict is against the manifest weight of the evidence, the Ohio Supreme Court has adopted the following language as a guide:
 {¶ 7} "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction."[1]
 {¶ 8} This court has previously applied the above standard set forth in Thompkins when reviewing whether a sexual predator determination is against the manifest weight of the evidence.[2]
 {¶ 9} A trial court has to determine by clear and convincing evidence that the offender is a sexual predator.[3] In making its determination, a trial court should consider all relevant factors, which include, but are not limited to, the following:
 {¶ 10} "(1) [T]he offender's age; (2) the offender's prior criminal record; (3) the age of the victim; (4) whether the sexually oriented offense for which sentence was imposed involved multiple victims; (5) whether the offender used drugs or alcohol to impair the victim or prevent the victim from resisting; (6) whether the offender has participated in available programs for sexual offenders; (7) any mental illness or mental disability of the offender; (8) the nature of the offender's conduct and whether that conduct was part of a demonstrated pattern of abuse; (9) whether the offender displayed cruelty during the commission of the crime; and (10) any additional behavioral characteristics that contributed to the offender's conduct."[4] Dr. John Fabian testified as an expert for the state. He testified that he administered numerous tests on Camire, including: the Minnesota Sex Offender Screening Tool; the Static 99; the Millon Multiaxial Inventory; the Rorschach Ink Blot; and the Hare Psychopathy Checklist. Dr. Fabian testified that the Minnesota Sex Offender Screening Tool and the Static 99 test both indicated that Camire was a "low risk" to re-offend, and the other tests indicated that Camire had a "moderate risk" of re-offending.
 {¶ 11} The trial court pointed to several factors it considered in deciding to label Camire a sexual predator. One of these factors was the age of the victim, who was only three to five years old at the time of the offenses. The trial court also found that Camire had mental health issues and substance abuse issues. Although Camire pled guilty to only one count of rape, the trial court further noted that he was indicted on charges for multiple acts with multiple victims. Another factor the trial court considered was Camire's prior conviction for child endangering. We note that the pre-sentence investigation indicates this prior conviction involved the same victim as the rape charge. Finally, the trial court found that Camire displayed cruelty toward the victim. After reviewing the evidence presented at the sexual predator hearing, we do not see that the trial court clearly lost its way or created a manifest miscarriage of justice. Thus, the trial court's judgment labeling Camire a sexual predator was not against the manifest weight of the evidence. Camire's assignment of error is without merit.
 {¶ 12} The judgment of the trial court is affirmed.
DONALD R. FORD, J., JUDITH A. CHRISTLEY, J., concur.
[1] (Citations omitted.) State v. Thompkins (1997), 78 Ohio St.3d 380,387, 1997-Ohio-52.
[2] State v. Randall (2001), 141 Ohio App.3d 160, 165.
[3] R.C. 2950.09(C)(2)(b).
[4] State v. Naples (Dec. 14, 2001), 11th Dist. No. 2000-T-0122, 2001 Ohio App. LEXIS 5639, at *4-5, citing R.C. 2950.09(B)(2)(a)-(j).