OPINION
{¶ 1} Appellant, Leroy New, Jr. ("New"), appeals from the judgment entered by the Lake County Court of Common Pleas. The trial court determined that New was a sexual predator.
 {¶ 2} In 1990, New was indicted on five counts involving inappropriate sexual conduct with two young females. The five counts included one count of rape, two counts of felonious sexual penetration, and two counts of kidnapping. New pled not guilty to these counts. A jury trial was held, and New was found guilty of all five counts. New received life sentences for the rape and felonious sexual penetration convictions and terms of ten to twenty-five years for each of the kidnapping charges.
 {¶ 3} New appealed this decision to this court. In a 1992 opinion, the majority reversed one of the kidnapping convictions and affirmed the remainder of the convictions and sentences.[1]
 {¶ 4} Subsequently, New filed a motion to vacate or set aside his sentence. The trial court denied this motion, and New appealed to this court. This court reversed the trial court's decision, due to the trial court's failure to hold a hearing as required by R.C. 2953.21.[2]
Thereafter, New filed a motion for post-conviction relief. The trial court denied this motion, and this court affirmed the judgment.[3]
 {¶ 5} The current proceedings arose from the trial court's sexual predator determination. A hearing was held in December 2001. In a judgment entry dated December 31, 2001, the trial court labeled New a sexual predator. New has timely appealed this judgment.
 {¶ 6} New raises the following assignment of error on appeal:
 {¶ 7} "The trial court committed reversible error when it labeled the defendant-appellant a sexual predator against the manifest weight of the evidence."
 {¶ 8} In determining whether a decision is against the manifest weight of the evidence, the Supreme Court of Ohio has adopted the following language as a guide:
 {¶ 9} "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction."[4]
 {¶ 10} This court has applied the above standard set forth inState v. Thompkins when reviewing whether a sexual predator determination is against the manifest weight of the evidence.[5]
 {¶ 11} A trial court has to determine by clear and convincing evidence that the offender is a sexual predator.[6] In making its determination, a trial court should consider all relevant factors, which include, but are not limited to, the following:
 {¶ 12} "(1) [T]he offender's age; (2) the offender's prior criminal record; (3) the age of the victim; (4) whether the sexually oriented offense for which sentence was imposed involved multiple victims; (5) whether the offender used drugs or alcohol to impair the victim or prevent the victim from resisting; (6) whether the offender has participated in available programs for sexual offenders; (7) any mental illness or mental disability of the offender; (8) the nature of the offender's conduct and whether that conduct was part of a demonstrated pattern of abuse; (9) whether the offender displayed cruelty during the commission of the crime; and (10) any additional behavioral characteristics that contributed to the offender's conduct."[7]
 {¶ 13} The defense stipulated to the admission of a psychological report prepared by Dr. Fabian and a police report, state's exhibits one and two, respectively. This was the only evidence presented by the state. An independent review of this evidence reveals that it is consistent with the trial court's findings.
 {¶ 14} The trial court reviewed the evidence and made the following findings:
 {¶ 15} "(a) The defendant is forty-six (46) years of age;
 {¶ 16} "(b) The defendant has a prior criminal record, including Domestic Violence, Criminal Trespassing and Receiving Stolen Property;
 {¶ 17} "(c) The two victims of the sexually oriented offenses for which sentence was imposed were each nine (9) years of age at the time of the crime;
 {¶ 18} "(d) The sexually oriented offense for which the sentence was imposed involved multiple victims;
 {¶ 19} "(e) The defendant did not use drugs or alcohol to impair the victims or prevent the victims from resisting;
 {¶ 20} "(f) The defendant has not completed any sentence imposed for a prior offense and has not participated in available programs for sexual offenders;
 {¶ 21} "(g) The defendant does not have any mental illness or mental disability with the exception that he qualifies for pedophilia, polysubstance abuse, depression traits and personality disorder with psychopathic traits which elevate his risk to reoffend;
 {¶ 22} "(h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context included repeated and progressive vaginal intercourse with one victim over an extended period of time. The defendant's sexual actions were part of a demonstrated pattern of abuse as the defendant lived with one victim's mother and the conduct was continuous;
 {¶ 23} "(i) The nature of the defendant's actions during the commission of the sexually oriented offenses displayed cruelty or threats of cruelty, the defendant threatened one victim's life;
 {¶ 24} "(k) Additional behavioral characteristic that contributed to the defendant's conduct include the fact that defendant denies the offense."
 {¶ 25} The trial court's conclusion that New is a sexual predator is supported by clear and convincing evidence. The trial court meticulously applied the requisite statutory factors to the facts of this case. Of specific note in support of the trial court's judgment are the facts that: there were multiple young victims; there was a pattern of abuse with one of the victims; and there was a threat to one victim's life.
 {¶ 26} The trial court did not lose its way or create a manifest miscarriage of justice by labeling New a sexual predator. Accordingly, the trial court's decision is not against the manifest weight of the evidence.
 {¶ 27} New's assignment of error is without merit.
 {¶ 28} The judgment of the trial court is affirmed.
DONALD R. FORD, P.J., and ROBERT A. NADER, J., concur.
ROBERT A. NADER, J., retired, of the Eleventh Appellate District, sitting by assignment,
[1] State v. New (Jan. 24, 1992), 11th Dist. No. 90-L-15-112, 1992 Ohio App. LEXIS 222.
[2] State v. New (Dec. 23, 1994), 11th Dist. No. 93-L-160, 1994 Ohio App. LEXIS 5905.
[3] State v. New (Sept. 27, 1996), 11th Dist. No. 95-L-104, 1996 Ohio App. LEXIS 4201.
[4] (Citations omitted.) State v. Thompkins (1997), 78 Ohio St.3d 380,387.
[5] State v. Randall (2001), 141 Ohio App.3d 160, 165.
[6] R.C. 2950.09(C)(2)(b).
[7] State v. Naples (Dec. 14, 2001), 11th Dist. No. 2000-T-0122, 2001 Ohio App. LEXIS 5639, at *4-5, citing R.C. 2950.09(B)(2)(a)-(j).