OPINION
{¶ 1} This appeal arises from the Lake County Court of Common Pleas wherein, appellant, Kevin A. Davis, ("Davis"), pled guilty to one count of attempted pandering obscenity involving a minor, a felony in the third degree.
 {¶ 2} On January 27, 2002, officers from the Mentor-on-the-Lake Police Department were called to the home of Davis' mother, where he was residing, for a domestic disturbance. While investigating a physical altercation between Davis and his mother, the officers discovered several photographs of nude boys lying about Davis' room and on the walls. There were also pornographic images of young boys on his computer as well as homemade videotapes of adolescent boys and children performing various sex acts.
 {¶ 3} On March 29, 2002, Davis was secretly indicted on three counts of pandering obscenity involving a minor. Two of the counts were felonies in the second degree, while the remaining count was a felony of the fourth degree. Davis waived his right to be present at arraignment and pled not guilty to the charges as set forth in the indictment.
 {¶ 4} On May 13, 2002, Davis withdrew his not guilty plea and entered written and oral guilty pleas to one count of attempted pandering obscenity involving a minor, a lesser included offense of count one of the indictment. The trial court entered a nolle prosequi with regard to the remaining charges in the indictment.
 {¶ 5} A joint sentencing and sexual predator adjudication hearing was held on June 17, 2002. At the close of the sexual predator hearing, prior to sentencing, Davis was adjudicated a sexual predator. The trial court then sentenced him to one year imprisonment, to be served consecutively to a six-month sentence Davis received as a result of pleading guilty to one count of domestic violence. Davis filed this instant appeal of the sexual predator adjudication, citing a single assignment of error:
 {¶ 6} "The trial court committed reversible error when it labeled the defendant-appellant a sexual predator against the manifest weight of the evidence."
 {¶ 7} In determining manifest weight, "[t]he court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses and determines whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."[1] This manifest weight analysis has been applied to the sexual predator adjudication.[2]
Thus, as the reviewing court, we must engage in a weighing of the evidence in order to determine whether the trial court's determination was appropriate.
 {¶ 8} Pursuant to R.C. 2950.01(E)(1), a sexual predator is a person who "has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." In order to classify a defendant as a sexual predator, the trial court must conclude that the offender has been convicted of or pled guilty to committing a sexually oriented offense. The trial court must then determine, by clear and convincing evidence, whether the offender is likely to engage in one or more sexually oriented offenses in the future.[3] Clear and convincing evidence is that which is more than a preponderance but less than beyond a reasonable doubt.[4]
 {¶ 9} The trial court must consider all relevant factors enumerated in R.C. 2950.09(B)(3), in determining whether the offender is a sexual predator. Those factors include:
 {¶ 10} "(a) The offender's or delinquent child's age;
 {¶ 11} "(b) The offender's or delinquent child's prior criminal or delinquency record regarding all offenses, including, but not limited to, all sexual offenses;
 {¶ 12} "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed or the order of disposition to be made;
 {¶ 13} "(d) Whether the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made involved multiple victims;
 {¶ 14} "(e) Whether the offender or delinquent child used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 {¶ 15} "(f) If the offender or delinquent child previously has been convicted of or pleaded guilty to, or been adjudicated a delinquent child for committing as act that if committed by an adult would be a criminal offense, whether the offender or delinquent child completed any sentence or dispositional order imposed for the prior offense or act and, if the prior offense or act was a sex offense or a sexually oriented offense, whether the offender or delinquent child participated in available programs for sexual offenders;
 {¶ 16} "(g) Any mental illness or mental disability of the offender or delinquent child;
 {¶ 17} "(h) The nature of the offender's or delinquent child's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 {¶ 18} "(i) Whether the offender or delinquent child, during the commission of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made, displayed cruelty or made one or more threats of cruelty;
 {¶ 19} "(j) Any additional behavioral characteristics that contribute to the offender's or delinquent child's conduct."[5]
 {¶ 20} The trial court is not required to recite each individual factor, but must provide a general discussion of the factors to indicate the basis of the determination for appeal purposes.[6] That discussion may be included either in the hearing transcript or within the written entry of judgment.[7]
 {¶ 21} A review of the record reveals that it is replete with evidence in support of the trial court's determination. The court thoroughly reviewed the relevant factors enumerated in R.C. 2905.09(B)(3). In fact, several pages of the transcript reflect a thorough analysis of each of the factors as they apply in the instant case. The court cited Davis' age, the prior sexual battery conviction regarding Davis' stepson, the number of victims portrayed in the two hundred photographs, and the psychological report, which concluded that Davis suffered from pedophilia and presented a moderate risk of reoffending. The court also noted under "other additional behavioral characteristics" that, from the evidence presented, Davis appeared to have a very strong sex drive, which included a great deal of sexual deviancy and experimentation, which developed into a preference for children. The trial court also reiterated its statutory findings in the written sentencing entry.
 {¶ 22} Thus, based upon the extensive evidence presented and this complete analysis of the statutory factors, we find that the trial court's adjudication of Davis as a sexual predator was not against the manifest weight of the evidence.
 {¶ 23} Davis' assignment of error is without merit, and the judgment of the trial court is affirmed.
Judgment affirmed.
DONALD R. FORD, P.J., and CYNTHIA WESTCOTT RICE, J., concur.
[1] (Citations omitted.) State v. Thompkins (1997), 78 Ohio St.3d 380,387.
[2] State v. Robinson (Nov. 21, 2001), 11th Dist. No. 99-L-177, 2001 Ohio App. LEXIS 5205, at *5.
[3] R.C. 2950.01(E)(1); R.C. 2950.09(B)(4).
[4] State v. Schiebel (1990), 55 Ohio St.3d 71, 74.
[5] R.C. 2950.09(B)(3).
[6] State v. Randall (2001), 141 Ohio App.3d 160, 165-166.
[7] Id.