{¶ 35} I concur in judgment only. While I agree with the majority's conclusion, I take the position that although the trial court considered the statutory factors listed in R.C. 2950.09(B)(3) based on the evidence in the record, the trial court failed to make an express connection between those findings and its determination that appellant is likely to re-offend. However, it appears that based on the express findings made by the trial court, a de minimis nexus is provided inferentially that appellant is likely to re-offend in the future. Furthermore, it is this writer's view that the trial court's use of the check mark judgment entry provides a vehicle for a less than appropriate conclusionary analysis on the issue of recidivism.
 {¶ 36} We have previously indicated our concerns regarding a trial court's use of a traffic form check mark entry with respect to a sexual predator classification issue which requires a general discussion of stated factors and some manifest analysis to aid a reviewing court in determining whether such conclusion is appropriate under the pertinent statutory guidelines as such reasoning bears on "likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E)(1);State v. Randall (2000), 141 Ohio App.3d 160, 165. As we stated in Statev. Langston, 11th Dist. No. 2002-P-0041, 2003-Ohio-2542, at ¶ 28, a check mark judgment entry used to indicate that there is clear and convincing evidence that the defendant is a sexual predator, "does not contain the type of incisive analysis necessary for an appellate court to conduct a meaningful review."
 {¶ 37} For the foregoing reason, I concur in judgment only.