OPINION
{¶ 1} Appellant, Donald D. Thomas, appeals the judgment entered by the Lake County Court of Common Pleas. The trial court labeled appellant a sexual predator.
 {¶ 2} In 1991, appellant was in the carnival industry. He was temporarily living in a camper on the back of his pick-up truck, which was parked in the driveway of the victim's family. One afternoon, appellant picked up the fourteen-year-old victim from a local store and proceeded to drive around aimlessly. He forced her to drink beer and whiskey. He repeatedly asked her if she was going to have sex with him. When she declined, he hit her in the face. He drove to a park and forced her to get into the camper portion of the vehicle. The victim "blacked out" and was naked when she awoke. Appellant's actions were interrupted by a police officer. Thereafter, he left with the victim and made her get out of the truck on a random street.
 {¶ 3} As a result of these events, a jury found appellant guilty of kidnapping and assault. Appellant was sentenced to a six-month term on the assault conviction and a term of ten to twenty-five years on the kidnapping conviction. He appealed the judgment to this court, and this court affirmed his convictions and sentence.[1]
 {¶ 4} The instant action pertains to a sexual predator hearing held in 2002. At the hearing, appellant and Dr. John Fabian testified. Following the hearing, the trial court adjudicated appellant a sexual predator.
 {¶ 5} Appellant raises one assignment of error:
 {¶ 6} "The trial court committed reversible error when it labeled the defendant-appellant a sexual predator against the manifest weight of the evidence."
 {¶ 7} In determining whether a verdict is against the manifest weight of the evidence, the Supreme Court of Ohio has adopted the following language as a guide:
 {¶ 8} "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction."[2]
 {¶ 9} This court has applied the above standard set forth inState v. Thompkins when reviewing whether a sexual predator determination is against the manifest weight of the evidence.[3]
 {¶ 10} A trial court has to determine by clear and convincing evidence that the offender is a sexual predator.[4] In making its determination, a trial court should consider all relevant factors, which include, but are not limited to, the following:
 {¶ 11} "(1) [T]he offender's age; (2) the offender's prior criminal record; (3) the age of the victim; (4) whether the sexually oriented offense for which sentence was imposed involved multiple victims; (5) whether the offender used drugs or alcohol to impair the victim or to prevent the victim from resisting; (6) whether the offender has participated in available programs for sexual offenders; (7) any mental illness or mental disability of the offender; (8) the nature of the offender's conduct and whether that conduct was part of a demonstrated pattern of abuse; (9) whether the offender displayed cruelty during the commission of the crime; and (10) any additional behavioral characteristics that contributed to the offender's conduct."[5]
 {¶ 12} In applying these factors, the trial court made the following findings:
 {¶ 13} "a.) The defendant is forty-six (46) years of age, he was thirty-five (35) at the time of the offense;
 {¶ 14} "b.) The defendant does have an extensive prior criminal record spanning from 1975 to 1990 including forgery, theft, corruption of the morals of a minor, aggravated assault, arson, burglary, theft, and receiving stolen property;
 {¶ 15} "c.) The victim of the sexually oriented offense for which sentence was imposed was fourteen (14) years of age at the time of the crime;
 {¶ 16} "d.) The sexually oriented offense for which the sentence was imposed did not involve multiple victims;
 {¶ 17} "e.) The defendant used alcohol in an attempt to impair the victim or to prevent the victim from resisting;
 {¶ 18} "f.) The defendant has an extensive criminal record and has not participated in available programs for sexual offenders;
 {¶ 19} "g.) The defendant does have mental illness or mental disability, including Post Traumatic Stress Disorder, anxiety disorder, and depression;
 {¶ 20} "h.) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context included requests for intercourse accompanied by beatings. The defendant's sexual actions were not part of a demonstrated pattern of abuse;
 {¶ 21} "i.) The nature of the defendant's actions during the commission of the sexually oriented offense displayed cruelty or threats of cruelty in that defendant threatened to kill the victim and beat her in the face with his fists;
 {¶ 22} "k.) Other factors the Court considered:
 {¶ 23} "(1) the Court does not find that defendant has been convicted two (2) or more times, in separate criminal actions, of a sexually oriented offense,
 {¶ 24} "(2) the Court does not find that defendant has a documented history from childhood into the juvenile development years, that exhibit sexually deviant behavior,
 {¶ 25} "(3) the Court does not find available information or evidence suggesting that the defendant chronically commits offenses with a sexual motivation,
 {¶ 26} "(4) the Court does not find that defendant has committed one or more offenses in which the defendant has tortured or engaged in ritualistic acts with one or more victims,
 {¶ 27} "(5) the Court does find that defendant has a significant mental health history of personality disorder, psychopathic and schizoid traits.
 {¶ 28} "(6) Additionally, the Court finds that defendant is at a moderate to high risk of sexual offense recidivism according to the testing performed by Dr. John Fabian, even without a prior sexually related conviction."
 {¶ 29} Initially, we note the trial court found that appellant did not participate in available programs for sexual offenders. Appellant admits that he did not participate in a sexual offender program. However, appellant testified that he did not qualify for a sex offender program and was told that the program did not pertain to him. Thus, appellant presented evidence that there was not an available sexual offender program for him to participate in. The state did not offer any evidence to rebut this evidence. Accordingly, the trial court's finding that appellant did not participate in an available program for sexual offenders is against the manifest weight of the evidence, as the only evidence presented suggested that no program was available.
 {¶ 30} However, this holding does not affect the trial court's ultimate outcome. Appellant did not participate in a sexual offender program. While this should not be weighed against him, it also does not weigh against a sexual predator classification. Since appellant did not participate in the program, his recidivism risk was not lowered by this factor.
 {¶ 31} In addition, a review of the remaining factors supports the trial court's conclusion. During a kidnapping, appellant forced the fourteen-year-old victim to drink alcohol and physically assaulted her, both for the purpose of getting her to submit to his sexual advances. Thereafter, he forced the victim into the camper portion of his vehicle and removed her clothing. The evidence presented at trial suggested that appellant would have continued the attack had he not been interrupted by a police officer.
 {¶ 32} Moreover, appellant was diagnosed with post traumatic stress disorder, depression, and anxiety. Finally, the psychological testing and analysis by Dr. Fabian indicates that appellant is a moderate to high risk to reoffend.
 {¶ 33} The trial court's judgment was not against the manifest weight of the evidence.
 {¶ 34} Appellant's assignment of error is without merit.
 {¶ 35} The judgment of the trial court is affirmed.
Judgment affirmed.
Grendell and Rice, JJ., concur.
[1] State v. Thomas (Jan. 8, 1993), 11th Dist. No. 92-L-020, 1993 Ohio App. LEXIS 28.
[2] (Citations omitted.) State v. Thompkins (1997),78 Ohio St.3d 380, 387.
[3] State v. Randall (2001), 141 Ohio App.3d 160, 165.
[4] R.C. 2950.09(C)(2)(b).
[5] State v. Naples, 11th Dist. No. 2000-T-0122, 2001-Ohio-8728, citing R.C. 2950.09(B)(2)(a)-(j).