OPINION
{¶ 1} Appellant, Daniel D. Amato, appeals the judgment entered by the Lake County Court of Common Pleas. The trial court adjudicated Amato a sexual predator.
 {¶ 2} In 1996, Amato was convicted of ten counts of rape and three counts of corruption of a minor. These convictions were the result of inappropriate sexual conduct with the daughter of a family friend. The victim was twelve to seventeen years old at the time of the incidents. Appellant was sentenced to life in prison for his conviction on count one, concerning the incident that occurred when the victim was twelve. He also received sentences of ten to twenty-five years on the nine remaining counts of rape, to be served consecutively. Amato appealed his conviction to this court, and this court affirmed his convictions and sentences.[1]
 {¶ 3} The instant proceedings arose from a sexual predator hearing held in August 2002. Dr. John Fabian testified at the hearing. The trial court adjudicated Amato a sexual predator.
 {¶ 4} Amato raises the following assignment of error:
 {¶ 5} "The trial court committed reversible error when it labeled the defendant a sexual predator against the manifest weight of the evidence."
 {¶ 6} In determining whether a verdict is against the manifest weight of the evidence, the Supreme Court of Ohio has adopted the following language as a guide:
 {¶ 7} "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction."[2]
 {¶ 8} This court has applied the above standard set forth inState v. Thompkins when reviewing whether a sexual predator determination is against the manifest weight of the evidence.[3]
 {¶ 9} A trial court has to determine by clear and convincing evidence that the offender is a sexual predator.[4] In making its determination, a trial court should consider all relevant factors, which include, but are not limited to, the following:
 {¶ 10} "(1) [T]he offender's age; (2) the offender's prior criminal record; (3) the age of the victim; (4) whether the sexually oriented offense for which sentence was imposed involved multiple victims; (5) whether the offender used drugs or alcohol to impair the victim or to prevent the victim from resisting; (6) whether the offender has participated in available programs for sexual offenders; (7) any mental illness or mental disability of the offender; (8) the nature of the offender's conduct and whether that conduct was part of a demonstrated pattern of abuse; (9) whether the offender displayed cruelty during the commission of the crime; and (10) any additional behavioral characteristics that contributed to the offender's conduct."[5]
 {¶ 11} In applying these factors, the trial court made the following findings:
 {¶ 12} "a.) The defendant was about forty-three (43) years old during the time of the offenses.
 {¶ 13} "b.) The defendant has a criminal record of violence. A prior sex charge had been dismissed.
 {¶ 14} "c.) The victim was twelve to fourteen (12-14) years old during the time of the offenses.
 {¶ 15} "d.) The offenses did not involve multiple victims, but did involve multiple acts, numbering over thirty (30) events.
 {¶ 16} "e.) The defendant did not use drugs or alcohol to impair the victim.
 {¶ 17} "f.) The defendant had no prior conviction for a sexually oriented offense.
 {¶ 18} "g.) Dr. Fabian testified that defendant had anti-social personality traits, some paranoia and depression, but no other mental disease. Actuarial studies show defendant to be a low to moderate risk to reoffend, nevertheless still a risk.
 {¶ 19} "h.) The offenses were part of a demonstrated pattern of abuse and deviant behavior in that the thirteen counts that defendant was convicted of involved over thirty (30) acts or events with the child/victim. In addition, defendant was in a position of trust with the family of the victim, and played a familial role with the victim.
 {¶ 20} "i.) The defendant visited physical and mental cruelty upon the victim by tying her up, burning her with cigarettes, making threats of violence, and making threats involving the victim's mother losing her job."
 {¶ 21} We note that the trial court did not specifically mention as a factor whether Amato participated in an available program for sexual offenders. "[T]he trial court is not required to refer to each factor in making its determination, [rather] the court is required to provide a general discussion of the factors so that the substance of the determination can be properly reviewed for purposes of appeal."[6] Dr. Fabian testified that Amato sat in on the sex offender classes but did not complete the assessment due to advice from his attorney. Dr. Fabian also testified that Amato might have picked up some information by sitting in on the classes but he did not lower his risk to reoffend. Amato did not "participate" in the sex offender program, but he did "sit in" on some of the classes. Accordingly, Amato's conduct would not weigh heavily either way in the trial court's decision regarding the sexual predator determination. Therefore, we cannot say the trial court erred by not mentioning the implications of this factor. Moreover, the trial court meticulously applied the remaining factors, providing this court with a thorough record for review.
 {¶ 22} After reviewing the record, we cannot say the trial court's judgment was against the manifest weight of the evidence. Specifically, the following factors support the trial court's judgment: the young age of the victim of the offenses; the conduct was a pattern of abuse, occurring multiple times over a period of years; Amato displayed physical cruelty toward the victim by hitting her and burning her with cigarettes; Amato took advantage of his position as a trusted family friend; and Amato threatened the victim.
 {¶ 23} The trial court properly applied the requisite statutory factors and found, by clear and convincing evidence, that Amato should be adjudicated a sexual predator. This finding is not against the manifest weight of the evidence.
 {¶ 24} Amato's assignment of error is without merit.
 {¶ 25} The judgment of the trial court is affirmed.
Judgment affirmed.
Grendell and Rice, JJ., concur.
[1] State v. Amato (Sept. 26, 1997), 11th Dist. No. 96-L-045, 1997 Ohio App. LEXIS 4362.
[2] (Citations omitted.) State v. Thompkins (1997),78 Ohio St.3d 380, 387.
[3] State v. Randall (2001), 141 Ohio App.3d 160, 165.
[4] R.C. 2950.09(C)(2)(b).
[5] State v. Naples, 11th Dist. No. 2000-T-0122, 2001-Ohio-8728, citing R.C. 2950.09(B)(2)(a)-(j).
[6] State v. Randall, 141 Ohio App.3d at 165-166, citingState v. Burke (Sept. 21, 2000), 10th Dist. No. 00AP-54, 2000 WL 1358111.