OPINION
{¶ 1} Appellant, Charles V. Webb, appeals the judgment entered by the Lake County Court of Common Pleas. Webb was sentenced to a total of five years in prison for his convictions for attempted rape and gross sexual imposition. In addition, Webb was adjudicated a sexual predator.
 {¶ 2} The following facts are taken from the police report, as summarized in the presentence investigation report. Webb lived in a residence close to his ex-wife's home. This living arrangement allowed Webb to visit his daughters, who lived with his ex-wife. His daughters were ten and eleven years old during the relevant time period. Webb's relationship with his daughters facilitated the inappropriate contact with two of their friends, an eleven-year-old girl and a six-year-old girl.
 {¶ 3} The eleven-year-old victim indicated she went fishing with Webb and his daughters. Webb consumed several beers on the fishing trip. When they returned to Webb's residence, he took her into a bedroom to help her untangle her fishing pole. While in the room, Webb kissed the victim, touched her breasts, and digitally penetrated her vagina. The victim screamed during these events, and one of Webb's daughters pounded on the bedroom door.
 {¶ 4} The six-year-old victim described two instances of inappropriate conduct by Webb. One time, Webb attempted to kiss her on the lips. She turned her head and avoided the kiss. Webb smacked her on the butt and threatened to kill her if she did not kiss him. The victim ran home. The second instance occurred when Webb offered the six-year-old victim candy to sit on his lap. After she sat on his lap, she realized there was no candy. Webb touched her between her legs on her "privates." Webb attempted to put his hand down her pants. However, the victim resisted and prevented this contact. In response, Webb became angry and smacked her butt. He whispered profanities in her ear. Finally, Webb threatened her, telling her he was a police officer and he would have his police-officer friends shoot her if she told anyone.
 {¶ 5} Because of these events, Webb was indicted on six felony counts, including: two counts of gross sexual imposition; one count of rape; one count of attempted rape; and two counts of kidnapping. Initially, Webb pled not guilty to these charges. Subsequently, Webb later retracted his not guilty pleas, and pled guilty to one count of gross sexual imposition and to the attempted rape count, pursuant to North Carolina v.Alford.[1] In exchange for his guilty pleas, the state recommended the remaining counts be dismissed, and the trial court entered a nolle prosequi on those charges.
 {¶ 6} Webb was sentenced to a five-year prison term for the attempted rape conviction and a one-year term for the gross sexual imposition conviction. These sentences were ordered to be served concurrently. In addition, the trial court labeled Webb a sexual predator.
 {¶ 7} Webb raises two assignments of error. His first assignment of error is:
 {¶ 8} "The trial court erred to the prejudice of the defendant-appellant when it ordered a term of imprisonment by making findings under the applicable sentencing statutes that were not supported by the record."
 {¶ 9} Pursuant to R.C. 2953.08, this court uses a de novo standard of review when reviewing a felony sentence.[2]
"However, this court will not disturb a given sentence unless we find, by clear and convincing evidence, that the record does not support the sentence or that the sentence is otherwise contrary to law."[3] Finally, we note that the trial court has the "discretion to determine the most effective way to comply with the purposes and principles of sentencing," set forth in R.C.2929.11, when imposing a felony sentence.[4]
 {¶ 10} R.C. 2929.12 requires the trial court to consider the seriousness and recidivism factors contained therein.[5]
However, the court is not required to "use specific language or make specific findings on the record in order to evince the requisite consideration of the applicable seriousness and recidivism factors [of R.C. 2929.12.]"[6]
 {¶ 11} On the record at the sentencing hearing, the trial court stated it had considered the seriousness and recidivism factors of R.C. 2929.12. Thereafter, the court noted the factors it found applicable. In addition, the trial court's judgment entry of sentence affirmatively states that the court considered the seriousness and recidivism factors of R.C. 2929.12.
 {¶ 12} Webb asserts that the trial court erred by finding that there were no applicable factors under R.C. 2929.12(C) making the offenses less serious. He asserts several factors that should make the offenses less serious. Webb argues he is forty-six years old, maintains a positive relationship with his ex-wives, and has led a crime-free life. We do not see how these factors lessen the seriousness of Webb's sexual crimes against children. Webb also notes he had a rough childhood and was placed in a foster home. This factor is contradicted by the other factors, in that Webb led a crime-free adult life for nearly thirty years, despite the allegedly rough childhood. The trial court did not err by not making findings pursuant to R.C.2929.12(C).
 {¶ 13} Webb also argues that the trial court erred in applying the factors under R.C. 2929.12(D) and (E), pertaining to the likelihood of recidivism. Webb again references his age and his lack of a prior criminal record. However, the trial court found that the crimes occurred under circumstances likely to recur and that Webb has shown no remorse for the crimes. Webb sexually took advantage of his daughters' friends, a situation that could recur. Further, Webb contends that alcohol was not used to impair the victims. However, pursuant to R.C.2929.12(D)(4), the offender's alcohol use is the relevant factor. Webb admits he had an alcohol problem, and the facts indicate he was drinking beer prior to the commission of one of the crimes. Accordingly, the trial court did not err in making its findings regarding recidivism.
 {¶ 14} Webb contends the trial court erred by failing to make a finding that the presumption in favor of a prison term was overcome. In order to find the presumption of prison is overcome, the trial court would have had to find that a community control sanction would adequately punish the offender, protect the public from future crime, and not demean the seriousness of the crimes.[7] Again, Webb sexually assaulted two children, with whom he was in a position of trust. There were at least three separate instances of this conduct. Thus, the trial court did not err by failing to find that the presumption in favor of prison was overcome.
 {¶ 15} Webb's first assignment of error is without merit.
 {¶ 16} Webb's second assignment of error is:
 {¶ 17} "The trial court committed reversible error when it labeled the defendant-appellant a sexual predator against the manifest weight of the evidence."
 {¶ 18} In determining whether a verdict is against the manifest weight of the evidence, the Supreme Court of Ohio has adopted the following language as a guide:
 {¶ 19} "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction."[8]
 {¶ 20} This court has applied the above standard set forth inState v. Thompkins when reviewing whether a sexual predator determination is against the manifest weight of the evidence.[9]
 {¶ 21} A trial court has to determine by clear and convincing evidence that the offender is a sexual predator.[10] In making its determination, a trial court should consider all relevant factors, which include, but are not limited to, the following:
 {¶ 22} "(1) [T]he offender's age; (2) the offender's prior criminal record; (3) the age of the victim; (4) whether the sexually oriented offense for which sentence was imposed involved multiple victims; (5) whether the offender used drugs or alcohol to impair the victim or to prevent the victim from resisting; (6) whether the offender has participated in available programs for sexual offenders; (7) any mental illness or mental disability of the offender; (8) the nature of the offender's conduct and whether that conduct was part of a demonstrated pattern of abuse; (9) whether the offender displayed cruelty during the commission of the crime; and (10) any additional behavioral characteristics that contributed to the offender's conduct."[11]
 {¶ 23} The trial court applied these factors to the case at bar and made the following findings:
 {¶ 24} "a.) The defendant is forty-five (45) years of age;
 {¶ 25} "b.) The defendant does not have a prior criminal record;
 {¶ 26} "c.) The victims of the sexually oriented offense[s] for which sentence was imposed were six (6) and eleven (11) years of age at the time of the crime[s];
 {¶ 27} "d.) The sexually oriented offense[s] for which the sentence was imposed involved multiple victims.
 {¶ 28} "e.) There is no evidence that the defendant used drugs or alcohol to impair the victims or to prevent them from resisting;
 {¶ 29} "f.) There is no evidence the defendant has completed any sentence imposed for a prior offense and accordingly has not participated in any programs for sexual offenders;
 {¶ 30} "g.) The defendant does not have a mental illness or mental disability as described by Dr. John Fabian;
 {¶ 31} "h.) There is evidence the defendant's sexual actions were part of a demonstrated pattern of abuse in that there were multiple occurrences with multiple victims.
 {¶ 32} "i.) There is evidence the nature of defendant's actions during the commission of the sexually oriented offense[s] displayed cruelty or threats of cruelty as outlined in the record.
 {¶ 33} "j.) Additional behavioral characteristics that contributed to the defendant's conduct include sexual deviancy, pedophilia, personality disorder, alcohol abuse, grooming behavior and defendant's denial of committing the offenses.
 {¶ 34} "k.) other factors the court considered:
 {¶ 35} "(1) the victims were unrelated;
 {¶ 36} "(2) the proximity and access the defendant had to children in general;
 {¶ 37} "(3) the extra-familial situation;
 {¶ 38} "(4) the different ages of the victims."
 {¶ 39} In addition to these findings, the trial court also noted that it considered the testimony of Dr. John Fabian. Dr. Fabian testified that Webb's actuarial risk to reoffend is low and his clinical risk to reoffend is moderate.
 {¶ 40} There was substantial evidence supporting the trial court's determination that Webb is a sexual predator. Specifically, the crimes involved multiple victims. Both victims were young girls, ages six and eleven. There was physical abuse with both victims. There were threats of cruelty made to the younger victim. In addition, we note that the crimes against both victims would have been more serious had the victims not resisted. Thus, we cannot say the trial court's sexual predator adjudication was against the manifest weight of the evidence.
 {¶ 41} Webb's second assignment of error is without merit.
 {¶ 42} The judgment of the trial court is affirmed.
Judgment affirmed.
Ford, P.J., and Rice, J., concur.
[1] North Carolina v. Alford (1970), 400 U.S. 25.
[2] State v. Thompson, 11th Dist. No. 2001-L-222, 2002-Ohio-7151, at ¶ 7, citing State v. Bradford (June 2, 2001), 11th Dist. No. 2000-L-103, 2001 WL 589271, at *1.
[3] Id., citing State v. Thomas (July 16, 1999), 11th Dist. No. 98-L-074, 1999 WL 535272, at *4.
[4] R.C. 2929.12(A).
[5] State v. Boczek, 11th Dist. No. 2001-L-193, 2002-Ohio-6924, at ¶ 12.
[6] State v. Arnett (2000), 88 Ohio St.3d 208, 215.
[7] R.C. 2929.13(D).
[8] (Citations omitted.) State v. Thompkins (1997),78 Ohio St.3d 380, 387.
[9] State v. Randall (2001), 141 Ohio App.3d 160, 165.
[10] R.C. 2950.09(C)(2)(b).
[11] State v. Naples (Dec. 14, 2001), 11th Dist. No. 2000-T-0122, 2001 Ohio App. LEXIS 5639, at *4-5, citing R.C.2950.09(B)(2)(a)-(j).